ASHWORTH *v.* CARNATION CO.

*(Nashville,* December Term, 1949.)

Opinion filed April 29, 1950.

C. C. DAVIS, of Watertown, LOUIS CHAMBERS, of Lebanon, for plaintiff in error.

WILLIAM D. BAIRD, of Lebanon, for defendant in error.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This is an action in negligence for personal injuries sustained by the plaintiff while delivering milk at the plant of defendant at Watertown in Wilson County. For insufficient averments of actionable negligence in the declaration and amended declaration, the Trial Judge sustained defendant's demurrer, dismissed the suit, and the plaintiff has perfected this appeal.

From facts stated in the declaration, as amended, it appears that defendant had constructed a platform or ramp across the north side of its plant, to be used by vehicles bringing milk for sale to the plant. This ramp was about four or five feet above ground level at its highest point, where the milk in cans, was placed on a conveyor belt for delivery into the factory. The ramp

had been maintained in the condition it was on the day of the accident, July 22, 1948, for some considerable time, and so far as the declaration shows, it had been used by the plaintiff and many other vendors of milk, without accident or misadventure. The plaintiff lived about one-quarter of a mile away from the plant of the defendant, and had for a long time, sold milk at the plant to the defendant. The only charge of negligence in the original declaration, is as follows: "It is further averred that the defendant did not have any fence or guard rail or other construction on the North side of said driveway, road or ramp to protect its customers and others traveling and using said driveway, road or ramp and prevent them from falling off or driving off of said steep elevation on the North side thereof."

Since plaintiff charges expressly that the ramp had been maintained without a guard rail for a long time, we must infer that the absence of a guard rail was a visible open condition of the ramp to be seen by all who used it.

It is then stated in the declaration that while the plaintiff was delivering milk from a hand-cart which he had drawn up on the ramp, he fell off the ramp at its highest point and received the injuries for which he brought suit. Then by leave of Court, the plaintiff amended his declaration to allege:

"That when he had placed his cart on which he had his can of milk, at or near the location where he was to remove it from his cart onto the roller or endless chain or carrier, to be conveyed into the plant, and while he was standing beside or near his cart on the north side thereof, he was suddenly and without warning stricken with a dizziness or faintness and staggered or fell and

lost his footing and fell over the edge of said high embankment or precipice along the outer edge of said ramp or driveway, and he fell with force to the hard ground or surface of the premises of defendant, hitting the ground or surface on his back or head, neck and shoulders and sustained the injuries and damages set out and enumerated in his declaration.

"It is averred that if the defendant had erected and maintained a fence or guard rails along or near the edge of its ramp or driveway, plaintiff would not have lost his footing and would not have fallen over the edge of the same onto the hard ground or surface of defendant's premises and would not have been injured."

To the declaration, as amended, the defendant demurred, "because (1) the declaration discloses the fact that the Plaintiff was fully aware of the defects and dangers of the situation and appreciated the same and, therefore, assumed the risk of injury. (2) Because the declaration discloses the fact that Plaintiff was guilty of gross contributory negligence. (3) Because the declaration does not contain any averments that the Defendant has been guilty of any negligent act, or any breach of duty owing by him to the Plaintiff, or which contributed proximately to the injuries averred by the Plaintiff. (4) Because the declaration discloses the fact that if the Defendant was negligent in constructing or maintaining said roadway or ramp, that likewise, the Plaintiff was guilty of the same degree of negligence by continually going upon said roadway or ramp."

The Trial Judge sustained the demurrer generally, without specifying any particular grounds, dismissed the suit, and this appeal resulted.

The only question presented is whether the declaration, as amended, makes out a cause of action against the defendant company.

While there are averments, both in the declaration and amended declaration, that the maintenance of the ramp or platform, as we have described it, was "negligence" and "gross negligence" on the part of the defendant, these allegations are mere conclusions of the pleader, by which we are not bound on demurrer. A demurrer does not admit inferences from facts, nor conclusions of law. Crockett v. McLanahan, 109 Tenn. 517, 72 S. W. 950, 61 L. R. A. 914; *Freeman* v. *Dayton Scale Co.,* 159 Tenn. 413, 19 S. W. (2d) 255; *Hackney Co.* v. *Robert E. Lee Hotel,* 156 Tenn. 243, 300 S. W. 1; *Heiskell* v. *Knox County,* 132 Tenn. 180, 177 S. W. 483, Ann. Cas. 1916E, 1281.

The statement in the amended declaration that plaintiff, "while he was standing beside or near his cart on the north side thereof, he was suddenly and without warning stricken with a dizziness or faintness and staggered or fell and lost his footing and fell over the edge of said high embankment . . ." compels a conclusion that the proximate cause of plaintiff's fall was not the lack of a hand-railing, but the sudden attack of dizziness which the plaintiff sustained, and which the defendant was not bound to foresee or guard against under any averment of the declaration, as amended. Furthermore, we are forced to infer from the statements of the declaration, as amended, that both the plaintiff and the many other milk vendors to the defendant, had for a long time, used the ramp as it was on the day of the accident, and that no other accident or injury had resulted. The plaintiff was thoroughly familiar with the fact that there was

no guard or hand-railing, and there is no showing that there was any condition of the ramp which was not as visible and well-known to plaintiff as to the defendant.

". . . the owner or occupant of land who, by invitation, express or implied, induces or leads others to come upon his premises, for any lawful purpose, is liable in damages to such persons, they using due care, for injuries occasioned by the unsafe condition of the land or its approaches, *if such condition was known to him and not to them. . . .*" *Bennett* v. *Louisville & N. R. R.*, 102 U. S. 577, 26 L. Ed. 235, 236. (Italics ours.)

The foregoing rule was stated and approved in the course of our opinion in the case of *Illinois Cent. R. Co.* v. *Nichols*, 173 Tenn. 602, 615, 118 S. W. (2d) 213, 217, where it was said: "It is unnecessary to cite authority for the proposition that mere ownership or occupancy of premises, here a car, does not render one liable for injuries to persons entering them; the owner is not an insurer, even when the visitor is an invitee. Liability is grounded on the superior knowledge of the owner of the danger to the invitee. It is when the perilous condition is known to the owner and not known to the person injured that a recovery is permitted."

We may paraphrase another statement of that opinion, 173 Tenn. at page 613, 118 S. W. (2d) at page 217 as follows:

"Negligence consists in a failure to provide against the ordinary occurrences of life, and the fact that the provision made (here maintenance of the ramp without a railing) is insufficient as against an event such as might happen once in a lifetime (here the sudden and unforeseen attack of dizziness of the Plaintiff) does not make out a case of actionable negligence."

"The use of the thing must be dangerous according to common experience. . . ." *Com.* v. *Pierce*, 138 Mass. 165, 52 Am. Rep. 264. Compare, *Park* v. *Sinclair Refining Co. et al.*, 24 Tenn. App. 204, 210, 142 S. W. (2d) 321.

From these cases, it is clear that to render the owner or occupant of the premises liable, the defective condition which causes the injury must be known to, or within the knowledge of the former, and unknown to the invitee, or injured person. This is the essential fact that renders the case of *Jackson* v. *B. Lowenstein & Bros., Inc.*, 175 Tenn. 535, 136 S. W. (2d) 495, relied on by the plaintiff, essentially different from the facts of the case before us here. In the Jackson case an overlapping rubber carpet or mat upon a stairway "in such a way that one of its edges overlapped the first step of the stairway," constituted a trap for the plaintiff, who, "believing that she had a sure footing, she stepped on the overlapping edge of the rubber mat, lost her footing, and was thrown." It was held that since the defendant owner of the store, had knowledge or a means of knowledge of this snare or trap, and nevertheless, invited customers to use the stairway in its store, that the question whether or not the defendant's negligence was a proximate and efficient cause of the injury, was one for the jury. No such situation is presented by the declaration in the present case as it was finally amended.

██ Since the declaration, as amended, states in terms, that the plaintiff had many times used the ramp as it was, without injury, and since the only unusual and unforeseen circumstance was the spell of dizziness or vertigo, for which the defendant was in no way re-

sponsible, but which was the proximate cause of the accident, we think a case of actionable negligence is not stated against the defendant.

Affirmed.

All concur.