MRS. JOY BAILEY KEMP, surviving widow of
JULIAN ALBERT KEMP, deceased,

*v.*

TOWN OF LEBANON, a municipal corporation.

384 S.W.2d 14.

(*Nashville*, December Term, 1963.)

Opinion filed November 12, 1964.

HOOKER, KEEBLE, DODSON & HARRIS, Nashville, for Mrs. Joy Bailey Kemp, TYREE B. HARRIS, Nashville, of counsel.

WILLIAM D. BAIRD, WILLARD HAGAN, Lebanon, for Town of Lebanon.

MR. JUSTICE DYER delivered the opinion of the Court.

In this opinion the parties will be referred to as in the Trial Court. That is, Mrs. Joy Bailey Kemp the surviving widow of Julian Albert Kemp, deceased, as plaintiff and Town of Lebanon, a municipal corporation, as defendant.

This is a wrongful death action, by the surviving widow, wherein the Trial Judge has sustained the demurrer of defendant and dismissed the suit. Plaintiff appeals.

The material parts of the declaration necessary to this opinion are as follows:

"That on or about August 2, 1961, about 11:15 a. m., the plaintiff's intestate, who was employed by Harold W. Moore & Son, painting contractors, was engaged in the painting of the gymnasium building at the Lebanon Junior High School, along with one, Lyman Langford; and that the electricity to said Lebanon Junior High School is furnished by the Town of Lebanon, a municipal corporation, on a proprietary basis, that is, for a rate of charge.

"That as plaintiff's intestate was in the act of painting said gymnasium building in the exercise of ordinary care, he and his fellow worker, Lyman Langford, were using a tall metal scaffold, necessary to use in order to reach points on the outside surface of the building near the top of the building. That the defendant, the Town of Lebanon, had negligently and carelessly placed some high voltage electric wire near the top of the said building, knowing that workers were likely to be in, at and near the said high voltage line, without having said electric lines properly protected, and to have them located in such a manner that they could not be touched by a scaffold or any other object that it might be reasonably anticipated would come in contact. That the said defendant likewise failed to give any warning to persons who might come in contact with the said wires. That the plaintiff's intestate was not advised about the presence of any uninsulated high voltage wires near or at the top of said building.

"That as a direct and proximate result of the aforesaid negligence and carelessness of the defendant in failing to exercise that degree of care required of it by the law under the circumstances, the metal scaffold with which plaintiff's intestate was working came in contact

with the high voltage wire, causing plaintiff's intestate to be badly burned and electrocuted, as a result of which he suffered great pain and mental anguish, and died, leaving surviving him, as a foresaid, as his heirs at law and next of kin, the plaintiff and their three minor children, heretofore named, for all of whose use and benefit this suit is brought.''

The demurrer is as follows:

''(1) Because the declaration discloses the fact that the Plaintiff was fully aware of the presence of any uninsulated high voltage wires at or near the top of said building and dangers of the situation and appreciated the same and, therefore assumed the risk of injury.

''(2) Because the declaration discloses the fact that Plaintiff was guilty of gross contributory negligence.

''(3) Because the declaration does not contain any averments that the Defendant, Town of Lebanon, has been guilty of any negligent act, or any breach of duty owing by it to Plaintiff's intestate, or which contributed proximately to the injuries or damages averred by the Plaintiff.

''(4) Because the declaration discloses the fact that if the Defendant, Town of Lebanon, was negligent in constructing or maintaining an uninsulated high voltage wire at or near the top of the school building, that likewise, Plaintiff's intestate was guilty of the same degree of negligence by going near it.

''(5) Because the Plaintiff fails to disclose any relation between her intestate and Defendant, Town of Lebanon, which imposes upon defendant, Town of Leb-

122

anon, any duty owing by the Defendant, Town of Lebanon, toward Plaintiff's intestate at the time.''

This demurrer raises two questions, to-wit: (1) Does the allegations of the declaration charge any actionable negligence on the part of the defendant, and (2) under the allegations of the declaration was the decedent, as a matter of law, guilty of contributory negligence.

■ Plaintiff relies on the case of *Kingsport Utilities, Inc. v. Brown,* 201 Tenn. 393, 299 S.W.2d 656, 69 A.L.R. 2d 87. This utility had constructed and maintained a three-phase electric power line carrying 12,000 volts in an alley which, at the time of the accident, was in the business district of Kingsport. The wires at the point of the accident were 25 feet from the surface of the alley, and out in the open where they were visible. Several business buildings back up to this alley one of them being a machine shop. On the day of the accident the fixtures and machinery of this machine shop were being moved to another location, which was 53 feet across this alley, and in this moving a large crane, at full height 35 feet, was being used. In the process of this moving the cable on this crane either arced or came in contact with this power line causing injuries to the plaintiffs. This Court in an opinion by the late Mr. Justice Swepston denying the petition for certiorari said:

''The negligence alleged against the Utilities was (a) failure to insulate these high-powered lines, (b) to have them a sufficient height above the surface of the alley so that it would not come in contact with or close to the machinery or equipment that was likely to be used along said alley for moving machinery or other purposes, (c) failure to give warning of the dangerous nature of the wires, and (d) that the Utility had rea-

sonable grounds to anticipate that persons might be working around or with machinery or doing work in the alley which might, or was likly to place them near or in contact with the dangerous wires.''

''The majority opinion rejected the defense of independent intervening efficient cause and held that by reason of the fact that the area where plaintiffs were injured was an expanding business section and that from the numerous cases involving the use of booms, heavy machinery, etc., the defendant knew or should have known that with its wires uninsulated an accident similar to the one in question might result and that the jury might have found this defendant should have therefore foreseen the probability of such an accident happening, and that the case was properly submitted to the jury.''

''It does seem, therefore, that it is at least a question of fact about which the minds of reasonable men might differ as to whether a utility is negligent in having such high-powered voltage in lines uninsulated, running through the business section of towns. Of course the law does not require that all lines be insulated at any particular place but only where persons are likely to be and have a right to be, for business, pleasure or otherwise.'' 201 Tenn. 393, 299 S.W.2d 659.

We are of the opinion the issue of defendant's negligence is controlled by the case of *Kingsport Utilities, Inc. v. Brown,* supra. Whether defendant, under the circumstance alleged, should have foreseen workmen might at times be in and upon this building is a question upon which the minds of reasonable men might differ.

The question of contributory negligence, as well as actionable negligence, is ordinarily an issue for the

jury. *Philip Carey Roofing & Mfg. Co. v. Black,* 129 Tenn. 30, 164 S.W. 1183, 51 L.R.A.,N.S., 340; *Osborn et al. v. City of Nashville,* 182 Tenn. 197, 185 S.W.2d 510; *Schindler v. Southern Coach Lines,* 188 Tenn. 169, 217 S.W.2d 775; and *Tennessee Electric Power Co. v. Hanson,* 18 Tenn.App. 542, 79 S.W.2d 818. The court in the Hanson case declared:

"The question of contributory negligence, as well as the question of negligence, is ordinarily for the jury. Even though the facts be undisputed, if intelligent minds might draw different conclusions as to whether, under circumstances conceded, the conduct of a plaintiff was that of an ordinarily prudent man, the matter should be left to the jury. The court should draw no inference when in doubt, but only in those cases where the evidence is without material conflict, and such that all reasonable men must reach the same conclusion therefrom. It is only in cases where the evidence is susceptible of no other fair inference that the court is justified in instructing the jury, as a matter of law, that the plaintiff has been guilty of contributory negligence which would bar his recovery." 18 Tenn.App. 542, 549-550, 79 S.W.2d 822.

██ "Demurrers are not favored, and will be overruled if, by any fair and reasonable intendment, the pleading to which they are filed stated a good cause of action or defense, however inartificial or imperfect the statement may be." Caruthers, History of a Lawsuit, Sec. 193 (8th ed.). Applying this principle to the instant case it cannot be determined, as a matter of law, absent an investigation into the facts surrounding the accident, that the decedent was contributorily negligent, or that he assumed the risk.

Defendant in support of their position cite the cases of: *Talley v. Curtis*, 23 Tenn.App. 181, 129 S.W.2d 1099; *City of Chattanooga v. Shackleford*, 41 Tenn.App. 734, 298 S.W.2d 743; and *Johnson v. Johnson City*, 41 Tenn. App. 148, 292 S.W.2d 794. These three cases were brought before this Court on a motion for a directed verdict in the trial court. Therefore in these cases the trial judge had before him all the evidence, from which to determine, if all reasonable men must reach the same conclusion. Such is not the case in the suit at bar here on demurrer.

Defendant cites the case of *Ashworth v. Carnation Company*, 190 Tenn. 274, 229 S.W.2d 337. This case did come to this court upon demurrer. In the Ashworth case the declaration on its face disclosed the plaintiff was fully aware of the absence of a guard rail and due to a dizzy spell fell from a platform causing his injuries. Thus in the Ashworth case contributory negligence was patently obvious from the declaration. In the case at bar it is not alleged plaintiff knew of the dangerous condition, that is, the presence of the uninsulated wire; plaintiff specifically avers he, "was not advised about the presence of any wires near or at the top of said building." Thus the Ashworth case is distinguishable on the facts from the case at bar.

Defendant cites *McCampbell v. Central of Georgia Ry. Co.*, 194 Tenn. 594, 253 S.W.2d 763. The trial court in this case sustained a demurrer to the declaration on the ground of contributory negligence and this court affirmed. In this case the declaration alleged deceased had driven his automobile into the side of a train as it was passing over a crossing. The declaration failed to plead other facts sufficient to rebut the inference of contributory negligence. In the case at bar, under the allegations of

the declaration, we cannot determine whether or not the decedent did see or should have seen these wires and cannot rule, as a matter of law, plaintiff was guilty of contributory negligence.

The defendant cites other authority, which we have examined, but do not find controlling.

The judgment of the Trial Judge is reversed and the cause remanded.