Forrest C. Dawson

*v.*

Sears, Roebuck & Co., Inc.

394 S.W.2d 877.

(*Nashville,* December Term, 1964.)

Opinion filed October 15, 1965.

FRITZ BATEMAN, Nashville, for plaintiff-in-error.

JOSEPH G. CUMMINGS, Nashville, BOULT, HUNT, CUMMINGS & CONNERS, Nashville, of counsel, for defendant-in-error.

74

Mr. Justice Dyer delivered the opinion of the Court.

This is an appeal, by plaintiff in error, from the action of the trial judge in sustaining a demurrer to the declaration filed by defendant in error. In this opinion the parties will be referred to in accord with their status in the trial court, that is, Forrest C. Dawson as plaintiff and Sears Roebuck and Co. as defendant.

The declaration alleged defendant operates a retail store in Nashville, Tennessee and, for the convenience of its customers, maintains a large paved parking lot adjacent to the store. This lot has directional markers painted on the pavement, curbs and islands raised some few inches above the pavement, all to facilitate the movement of traffic.

That it began to snow late on the afternoon of December 22, 1963, and by early the next morning the snow had reached a depth of about seven inches. The surface of the snow was smooth and even and it covered the parking lot completely obscuring from view the directional markers, curbs and islands of the lot.

That at approximately 10:45 A.M. on December 23, some five hours after the snow had accumulated, the plaintiff, intending to shop in the defendant's department store, drove his car on this lot with only the tracks in the snow made by other vehicles to guide him, which tracks he slowly and cautiously followed. As the plaintiff was backing to permit another car to pass, in an apparently open

area of the lot, the right front wheel of his car struck one of these hidden curbs causing the front wheels to turn sharply to the right. This sudden and unexpected spin of the steering wheel resulted in serious injuries to the plaintiff for which he has brought this action.

That the defendant, acting through its agents, servants and employees, had negligently permitted the snow to accumulate and entirely obliterate the directional markers and curbs. Plaintiff would further show that the said parking lot, with the thick covering of snow concealing the raised curbs constituted an extremely dangerous and hazardous condition which the defendant knew, or by the exercise of ordinary care should have known, was likely to cause injury to customers such as the plaintiff, and other ·persons lawfully driving upon the parking lot; and that the defendant was under a duty to take the necessary steps to prevent accidents and injuries to its patrons, including the plaintiff; but that the defendant had carelessly and negligently permitted the dangerous condition to continue; and had not removed the snow, had not closed the parking lot, and had not erected any signs or provided any markers of any kind warning of the hidden danger, and in fact had negligently failed to make any effort to render the premises safe. Plaintiff charges that the negligence of the defendant, as aforesaid, was the sole and proximate cause of the accident and injuries and damages herein complained of.

The demurrer setting forth twelve grounds is as follows:

1. The declaration fails to state a cause of action against the defendant in that no breach of any duty owed plaintiff by defendant is alleged;

2. The declaration fails to state a cause of action against the defendant in that failure to remove an all night snowfall of seven inches by 10:45 a. m. the following day is not negligent, nor could such be reasonably expected;

3. The allegation that defendant permitted seven inches of snow to accumulate is not an act of negligence;

4. There are no allegations of any actionable negligence on the part of the defendant;

5. The declaration on its face shows that plaintiff **assumed** the risk in driving across the lot covered with snow seven inches deep and that any accident or injury was the sole result of plaintiff's own contributory negligence and assumption of risk as a matter of law;

6. The declaration on its face shows that plaintiff was not following in the tracks of other cars; otherwise, the obstruction complained of would not have been obscured;

7. The accident and injury complained of were not, and could not have been, reasonably foreseen or anticipated;

8. The accident and injury complained of were freakish in nature and not foreseeable;

9. There are no common law or statutory duties requiring defendant to remove seven inches of snow from a large parking area;

10. There is no negligence alleged that was a proximate cause of plaintiff's alleged injury;

11. The construction or maintenance of a curbing in the parking lot is not actionable negligence; and

12. There is no allegation of any breach of any duty owed plaintiff by defendant that proximately caused plaintiff's alleged accident and injury.

The demurrer filed by defendant was sustained by the trial court although no specific ground for doing so was given. There is one assignment of error: The trial court erred in ruling the plaintiff's declaration failed to set out a cause of action against the defendant and sustaining the demurrer of the defendant.

The plaintiff entered defendant's parking lot to shop in defendant's store and while there the plaintiff was an invitee due the standard of care which is owed an invitee. *Riddell v. Great Atlantic & Pacific Tea Co.*, 192 Tenn. 304, 241 S.W.2d 406 (1951); *Great Atlantic and Pacific Tea Company v. Lyle*, 49 Tenn.App. 78, 351 S.W. 2d 391 (1961). Both of these cases involved customers falling on the store's parking lot. In the former case, the court reversed the lower court because of plaintiff's contributory negligence but the plaintiff was considered an invitee. In the latter case it was conceded the plaintiff was an invitee. 65 C.J.S. Negligence secs. 44b and 48a, pp. 520 and 536, states the rule:

A customer who enters a store for the purpose of trade occupies the status of an invitee or business visitor * * *. The duty to keep premises safe for invitees extends to all portions of the premises which are included within the invitation and which it is necessary or convenient for the invitee to visit or use in the course of the business for which the invitation was extended, and at which his presence should therefore

78

reasonably be anticipated or to which he is allowed to go. 65 C.J.S. Negligence secs. 44b, 48a, pp. 520, 536.

■ The standard of care defendant would owe plaintiff as an invitee is stated in *Broome v. Parkview, Incorporated,* 49 Tenn.App. 725, 359 S.W.2d 566 (1962).

An owner or occupant of premises owed to invitees or business visitors thereon the duty of exercising reasonable care to keep the premises in a reasonably safe and suitable condition including the duty of removing or warning against a dangerous condition which he knows or should in the exercise of reasonable care know to exist. 49 Tenn.App. 725, 359 S.W.2d 566.

This holding in the Broome case has been followed in a long line of Tennessee cases including *Gargaro v. Kroger Grocery and Baking Co.,* 22 Tenn.App. 70, 118 S.W.2d 561 (1938); *Dolan v. Bry Block Mercantile Co.,* 23 Tenn. App. 47, 126 S.W.2d 376 (1938); *Phillips v. Harvey Co.,* 196 Tenn. 174, 264 S.W.2d 810 (1954); *Kendall Oil Co. v. Payne,* 41 Tenn.App. 201, 293 S.W.2d 40 (1955).

Plaintiff has based his cause of action on the fact that he was an invitee and was injured by a concealed perilous condition in the defendant's parking lot. He alleges the defendant had a duty to remove the snow, warn him of the danger or close the parking lot. Several of the grounds for defendant's demurrer deal with whether there is any duty on the part of the defendant and also whether defendant is guilty of actionable negligence.

Mr. Chief Justice Burnett, while a member of the Court of Appeals, Eastern Division, spoke for the court in *Smith v. Roan-Anderson Co.,* 30 Tenn.App. 458, 207 S.W. 2d 353 (1947), which held:

To maintain an action for negligence, one must be able to show a duty owed to him by another, a breach of that duty, and injury from such breach. Every one owes to every one else the duty of exercising ordinary care not to injure him either in his person or property. Ordinary care is that degree of care which a person of reasonable prudence would exercise under a given state of facts appearing in the evidence in a cause, or in a state of facts similar thereto. This ordinary care may be positive or negative; that is, it may consist of what a person of reasonable prudence would have done under the same or similar circumstances, or of refraining from doing what he would have refrained from doing under these circumstances. What a person of reasonable prudence would have done under the same or similar circumstances must be determined by the jury from their knowledge of mankind, and of how persons of reasonable prudence usually deport themselves in relation to their surroundings. 30 Tenn.App. 458-461, 207 S.W.2d 353-355.

The defendant in the case of *Kendall Oil Co. v. Payne,* supra, was cleaning the pavement of his service station when the plaintiff drove up. The plaintiff, getting out of his car to buy gas, slipped on the concrete surface which was covered with soap and water. The court in that case said:

Generally, whether or not the owner has exercised the required degree of care in maintaining his premises is a question of fact for the jury. * * * Similarly, on the question of defendant's negligence, we think the question of whether a proprietor is guilty of negligence in relying upon the invitee observing and avoiding the danger and, for that reason failing to give warning,

generally, presents a question for the jury. 41 Tenn. App. 201, 293 S.W.2d 40.

This was repeated in the case of *Broome v. Parkview, Inc.*, supra, when the invitee brought an action against a bowling alley proprietor and a contractor for injuries sustained when she attempted to lean against the wall and fell through an opening covered by an opaque plastic sheet. There is similar language in the case of *Dolan v. Bry Block Mercantile Co.*, supra.

■ These type cases mentioned deal with whether the directing of a verdict by the trial judge would be proper but can it be said in the present cause as a matter of law that the plaintiff did not state a cause of action? Can it be said as a matter of law that the defendant owed no duty to the plaintiff? It does not seem these answers can be answered affirmatively but to sustain a demurrer they have to be. It seems to be a jury question as to whether defendant had time, or had a duty, to clear the parking lot, or whether it had a duty to close the parking lot or whether the plaintiff knew of the concealed dangers, or even whether they were dangers.

Other grounds of defendant's demurrer deal with foreseeability. In *Gentry v. Taylor, et al.*, 182 Tenn. 223, 185 S.W.2d 521 (1945), it was said:

To determine whether an act of commission or omission is negligent, it is relevant to determine whether any reasonable person would foresee that the act would cause damage, and, if it would not, the act is not negligent. 182 Tenn. 223, 185 S.W.2d 521.

In *Illinois Cent. R. Co. v. Nichols*, 173 Tenn. 602, 118 S.W.2d 213, supra, and repeated in *Walls v. Lueking*, 46 Tenn.App. 636, 332 S.W.2d 692 (1959), and *Ashworth*

*v. Carnation Co.,* 190 Tenn. 274, 229 S.W.2d 337, supra, we find the following:

"Negligence" consists in a failure to provide against the ordinary occurrences of life, and the fact that the provision made is insufficient as against an event such as might happen once in a lifetime, does not make out a case of actionable negligence. 173 Tenn. 602, 118 S.W.2d 213.

■ The words of the court in *Shell Oil Co. v. Blanks,* 46 Tenn.App. 539, 330 S.W.2d 569 (1959), are helpful:

To impose liability, it is not essential that the precise manner in which an injury ultimately results be foreseeable but only that there was substantial likelihood that the negligence charged would result in "harm in the abstract." 46 Tenn.App. 539, 330 S.W.2d 569.

■ The argument on the foreseeability issue is that this was a freak, once-in-a-lifetime accident. This was an unusual accident but as to whether defendant should have foreseen such, under the allegations of this declaration, is a question for the jury.

Other grounds of the demurrer deal with assumption of risk or contributory negligence. These two doctrines will be discussed separately although they are often used interchangeably. The court in *Gargaro v. Kroger Grocery & Baking Co.,* 22 Tenn.App. 70, 118 S.W.2d 561 (1938) said:

The doctrine of assumed risk, sometimes referred to as incurred risk, is usually applied to contract cases growing out of the relation of master and servant, but such is not always the case. The application of the doctrine is often simply another way of applying the

rule of contributory negligence, and frequently the difference between the two is merely a difference in the choice of language or style of expression. In other words, the fact that one knows of potential danger and voluntarily subjects himself thereto may and often does render him contributorily negligent if accident or injury ensues. 22 Tenn.App. 70, 118 S.W.2d 561.

■■ The duty on the part of the proprietor or management of a store to use or exercise ordinary care for the safety and protection of the invitee does not relieve the invitee of the duty of exercising ordinary care for his or her own safety; and upon failure to do so, the invitee is deemed contributorily negligent. *Gargaro v. Kroger Grocery & Baking Co.,* supra. It could be possible in the present cause to say the plaintiff has been guilty of contributory negligence but the court in *Kendall Oil Co. v. Payne,* supra, held:

Generally, where the question of contributory negligence is involved, whether a defect is of such a nature that a person coming upon the premises should observe and avoid it is for the jury. * * *

It was for the jury to say whether defendant's negligence or plaintiff's own contributory negligence, if any, in failing to observe the danger constituted the proximate cause of plaintiff's injuries. See also: *Broome v. Parkview Incorporated,* supra, and 65 C.J.S. Negligence, sec. 257, pp. 1166, 1167.

In *Kemp v. Town of Lebanon,* 215 Tenn. 118, 384 S.W. 2d 14 (1964), the court said:

The question of contributory negligence, as well as actionable negligence, is ordinarily an issue for the jury. 215 Tenn. 118, 384 S.W.2d 14.

In the case of *Great Atlantic & Pacific Tea Co. v. McLravy,* 71 F.2d 396 (1934), a sixth circuit court of appeals case from Michigan, the plaintiff, a customer in defendant's store, slipped and fell while leaving defendant's store through the vestibule because of ice and snow. The court held that the questions of negligence of the defendant and knowledge of the dangerous condition of the icy vestibule by the defendant were for the jury. The court further held:

> The storekeeper must exercise reasonable care to keep access to his premises in safe condition for use by customers, and must make inspections and apply necessary corrective measures at reasonable intervals. 71 F.2d 396.

Did the plaintiff assume the risk involved by driving onto defendant's parking lot. A long line of cases have held:

> The invitee assumes all normal or obvious risks attendant on the use of the premises. *Kendall Oil Co. v. Payne,* supra; *Walls v. Lueking,* supra; *Broome v. Parkview, Incorporated,* supra.

■ Once again, we're back to the issue of whether this was a normal or obvious risk and once again this seems to be a factual question to be determined by a jury. As was said in *Pierce v. United States,* D.C., 142 F.Supp. 721 (1955):

> Term "assumption of risk" presupposes not only some danger but reasonable opportunity to ascertain nature of risk and an appreciation of that risk.

■ The defendant raises the point that a storeowner is not an insurer of the safety of its invitees and this is true.

Mere ownership or occupancy of premises does not render one liable for injuries to persons entering them, even when the visitor is an invitee, since the owner is not an insurer. *Illinois Cent. R. Co. v. Nichols,* supra.

Such a proprietor or owner is not an insurer of the safety of customers in the store, but is liable only if injury results from a breach of the duty to use or exercise ordinary care for their safety and protection. Such is the rule in Tennessee, and it is well nigh universal in America. *Gargaro v. Kroger Grocery & Baking Co.,* supra. See also: *Park v. Sinclair Refining Co.,* 24 Tenn.App. 204, 142 S.W.2d 321 (1940); *Busler v. Cut Rate Super Market No. 1,* 47 Tenn.App. 21, 334 S.W.2d 738 (1960); *Phillips v. Harvey Co.,* supra; and *Kendall Oil Co. v. Payne,* supra.

There are several factual issues in this case and they cannot be properly determined on demurrer. The judgment of the trial court in sustaining the demurrer of defendant is reversed and the cause remanded.