EUGENE PENNINGTON, Admstr. of the Estate of Estella Bayless Harris

*v.*

EARL ASHTON SPEECE and SARAH DELILAH SPEECE.

461 S.W.2d 33

(*Knoxville,* September Term, 1970.)

Opinion filed November 2, 1970.

ROBERT J. PENNINGTON, Madisonville, for appellant.

R. HUNTER CAGLE, Knoxville, for appellees. POORE, COX, BAKER, MCAULEY, RAY & BYRNE, Knoxville, of counsel.

646

MR. JUSTICE MCCANLESS delivered the opinion of the Court.

This is a suit by Eugene Pennington, Administrator of the estate of Estella Bayless Harris, to recover damages for the wrongful death of his intestate against Earl Ashton Speece and Sarah Delilah Speece growing out a collision of the automobile owned by Mrs. Speece and driven by her husband with the deceased at that time a pedestrian on or about six o'clock in the evening of December 7, 1966, on U. S. Highway 411 about one and a half miles north of Madisonville.

At the conclusion of the plaintiff's evidence and at the conclusion of all the evidence the defendants moved the court to direct a verdict in their favor, the court overruling the motions in each case. The jury found for the plaintiff and returned a verdict against the defendants in the amount of $25,000.00. The defendants then moved for a new trial and a directed verdict in their favor which the court granted. The plaintiff appealed in error to the Court of Appeals, sitting at Knoxville, who reversed the judgment of the Circuit Court and remanded the cause

for a new trial. From the action of the Court of Appeals the plaintiff has filed a petition for the writ of certiorari which we granted.

The facts for the most part are not in dispute. The defendants, Speece, are husband and wife and live near Marion, Ohio. The automobile was owned by Mrs. Speece and was being driven by her husband on their way to Florida. Mr. Speece was driving southwardly at the rate of about forty-five miles an hour at a point on the highway where the speed limit in the nighttime was fifty-five miles an hour. He was driving in the right hand lane of the two-lane highway when he was met by a car being driven northward, and to avoid being blinded he glanced toward the right hand side. At this moment Mrs. Speece cried out that there was a woman in the highway. According to the testimony of Mr. Speece he panicked for a moment, applied his brakes, and the automobile struck Mrs. Harris, threw her body onto the top of his automobile and then to the ground resulting in her immediate death.

There is some doubt as to the point on the highway where Mrs. Harris was walking when she was struck, but the question of her contributory negligence should have been determined by the jury.

"The question of contributory negligence, as well as actionable negligence, is ordinarily an issue for the jury. *Philip Carey Roofing & Mfg. Co. v. Black,* 129 Tenn. 30, 164 S.W. 1183, 51 L.R.A., N.S., 340; *Osborn et al. v. City of Nashville,* 182 Tenn. 197, 185 S.W.2d 510; *Schindler v. Southern Coach Lines,* 188 Tenn. 169, 217 S.W.2d 775; and *Tennessee Electric Power Co. v. Hanson,* 18 Tenn.App. 542, 79 S.W.2d 818. The court in the Hanson case declared:

" 'The question of contributory negligence, as well as the question of negligence, is ordinarily for the jury. Even though the facts be undisputed, if intelligent minds might draw different conclusions as to whether, under circumstances conceded, the conduct of a plaintiff was that of an ordinarily prudent man, the matter should be left to the jury. The court should draw no inference when in doubt, but only in those cases where the evidence is without material conflict, and such that all reasonable men must reach the same conclusion therefrom. It is only in cases where the evidence is susceptible of no other fair inference that the court is justified in instructing the jury, as a matter of law, that the plaintiff has been guilty of contributory negligence which would bar his recovery.' 18 Tenn.App. 542, 549-550, 79 S.W.2d 822."

*Kemp v. Town of Lebanon,* 215 Tenn. 118, 384 S.W. 2d 14.

There is in the record Mr. Speece's statement that he panicked when he saw the deceased, and there is some testimony that to avoid the glare of the approaching automobile headlights he glanced toward the shoulder of the highway and that when he looked up and saw the deceased he panicked. Whether these circumstances constituted negligence likewise should have been determined by the jury.

The Circuit Judge directed a verdict of not guilty on the authority of *Donoho v. Large,* 25 Tenn.App. 433, 158 S.W.2d 447; but the facts of that case differ from those of the case now before us: there the plaintiff admitted he was walking along the right side of the highway in violation of the law on account of which he was struck. Here

there is no such admission; moreover there is evidence which make the whereabouts of the deceased on the highway a question for the jury: (1) the lights of the approaching car caused the defendant to glance to the right hand shoulder of the highway; (2) about this time the defendant, Mrs. Speece, saw a person, who could have been the deceased, at the center line of the highway; and (3) the deceased was struck near the middle of the defendant's lane by the front center part of the defendant's car.

These facts make it as probable that the deceased was crossing the highway as that she was walking in the right lane with her back to the traffic, such a crossing not necessarily being in violation of the statute. On this record there is no showing of negligence *per se*. See sec. 59-835, T.C.A., *Tri-State Transit Co. of Louisiana v. Duffey*, 27 Tenn.App. 731, 173 S.W.2d 706; *DeRossett v. Malone*, 34 Tenn.App. 451, 239 S.W.2d 366.

The case of *Seahorn v. Karr*, 35 Tenn.App. 38, 242 S.W.2d 331, is not in point because in that case it appeared that the deceased, while attempting to walk across the road walked into the side of the defendant's car, thereby receiving a fatal injury. In the *Seahorn* case the deceased never appeared as an obstruction to be seen or avoided. That is not this case.

We are of opinion that there is in the record evidence sufficient to require the submission of the case to the jury. We therefore affirm the judgment of the Court of Appeals by which they reversed the judgment of the Circuit Court and ordered a new trial.

DYER, CHIEF JUSTICE, CRESON and HUMPHREYS, JUSTICES, and JENKINS, SPECIAL JUSTICE, concur.