Howard L. MUMFORD,
Plaintiff-Appellant,

v.

Harlan THOMAS, Defendant-Appellee.

Court of Appeals of Tennessee,
Western Section.

May 27, 1980.

Permission to Appeal Denied by Supreme Court July 28, 1980.

H. Morris Denton and Randi B. Rich, Denton & Cary, Bolivar, for plaintiff-appellant.

Joe C. Hailey and Glenn H. Whitlow, Selmer, for defendant-appellee.

MATHERNE, Judge.

The plaintiff, while walking on the defendant's parking lot, slipped and fell due to an accumulation of ice and/or snow on the surface of the paved lot. The plaintiff sued for damages due to rather painful personal injuries suffered in the fall. The trial judge granted the defendant's motion for summary judgment and dismissed the lawsuit. The plaintiff appeals that decision.

The defendant owns a shopping center in the town of Bolivar, Tennessee, known as Bolivar Plaza. The shops are leased to various tenants who operate businesses under lease agreements which place upon the defendant-owner the duty to maintain the parking area which is common to all the shops in the center. The parking area is relatively flat and has spaces marked thereon in which customers park their automobiles. A sidewalk extends along the front of all the shops and is separated from the parking lot by a curb. Otherwise, the parking area is not divided by curbs or built-up islands, but is smooth and unobstructed.

For about three days prior to the plaintiff's fall snow had fallen intermittently and had accumulated over the entire area of Bolivar and Hardeman County. The plaintiff, accompanied by his wife, drove to the shopping center, entered a grocery store and purchased a supply of groceries. Upon returning to his car the plaintiff deposited the groceries in the right rear seat and assisted his wife into the right front seat of the vehicle. As the plaintiff was walking around the rear of his car to enter the driver's position he slipped and fell.

The plaintiff testified that upon arriving at the parking lot he observed that the snow had been cleared from the sidewalk and piled on the lot near the curb. He said that he observed people having difficulty walking through or on that piled-up snow. For this reason the plaintiff parked near the center of the parking lot where the accumulation of snow and ice was less severe. He and his wife experienced some difficulty walking across the lot due to intermittent patches of snow and clear pavement. The plaintiff stated that he did not see the particular snow or ice upon which he slipped.

In opposition to the defendant's motion for summary judgment, the plaintiff filed the affidavit of Joe Keller, Safety Director of Hardeman County, Tennessee, to the effect that the defendant could have removed snow and loose ice from the parking lot by use of a snow plow. Keller stated that from his experience a snow plow could have been borrowed from the county highway department for that purpose at no cost, or a snow plow could have been purchased for approximately $1,500. The affiant further stated that patches of ice could have been covered with rock salt, sand or cinders to melt the ice or create friction. He said that the cost of an application of rock salt would be less than $250.

The defendant admitted that it was his duty to maintain the common parking lot for the use of customers of all the businesses in the shopping center. However, the defendant stated that he made no effort to clear the natural accumulations of snow and ice from the parking lot because he had no duty to the customers to do so—the natural accumulation of snow and ice being universally known and equally apparent to all people. The defendant by affidavit stated that there were no defects in the surface of the parking lot and no hidden obstructions.

Therefore, the issue is what duty, if any, does the proprietor of a common parking lot owe to his invitees who enter the lot for the purpose of trading with the various businesses served by the lot.

In *Dawson v. Sears, Roebuck & Co.* (1965) 217 Tenn. 72, 394 S.W.2d 877, the defendant's parking lot was covered with about seven inches of newly-fallen snow. The lot had curbs and islands raised a few inches above the pavement to facilitate the movement of traffic. The snow obscured these obstacles, and the plaintiff was injured when her automobile struck one of these hidden obstructions. The plaintiff had driven onto the lot for the purpose of shopping in the defendant's store, and the court held that she was an invitee, citing: *Riddell v. Great Atlantic and Pacific Tea Co.* (1951) 192 Tenn. 304, 241 S.W.2d 406 and *Great Atlantic and Pacific Tea Co. v. Lyle* (1961) 49 Tenn.App. 78, 351 S.W.2d 391. The court defined the duty owed to an invitee as stated in *Broome v. Parkview, Incorporated* (1962) 49 Tenn.App. 725, 359 S.W.2d 566, as follows:

> An owner or occupant of premises owes to invitees or business visitors thereon the duty of exercising reasonable care to keep the premises in a reasonably safe and suitable condition including the duty or removing or warning against a dangerous condition which he knows or should in the exercise of reasonable care know to exist.

The *Dawson* court held that it was "a jury question as to whether defendant had time, or had a duty, to clear the parking lot, or whether it had a duty to close the parking lot or whether the plaintiff knew of the concealed dangers, or even whether they were dangers."

█ Under the authority of *Dawson*, we hold that the plaintiff was an invitee while on the common parking lot for the purpose of trading with a business establishment served by that parking lot. The duty the defendant-owner of the parking lot owed to the plaintiff-invitee was that of reasonable care for the plaintiff's safety. *Dawson, supra*. See also: *Grizzell v. Foxx* (1960) 48

Tenn.App. 462, 348 S.W.2d 815; *Hellon v. Trotwood Apartments, Inc.* (1970) 62 Tenn. App. 205, 460 S.W.2d 372; and *Woods v. Forest Hill Cemetery* (1946) 183 Tenn. 413, 192 S.W.2d 987.

█ *Dawson, supra*, differs from the present lawsuit in that here we have no hidden obstacles which might have been unknown to the plaintiff. The plaintiff-invitee knew of the accumulation of snow and ice as well as did the defendant-owner. Even though the invitee is under the duty to exercise reasonable care for his own safety, we hold that knowledge of the condition does not necessarily bar recovery as a matter of law. As pointed out in *Hellon v. Trotwood Apartments, Inc., supra*, it is not the knowledge of the danger which bars the plaintiff-invitee, but rather it is whether the plaintiff, in view of the apparent danger, exercised reasonable care for his own safety. Also, the court there observed that it is not every case in which knowledge of the danger conclusively imputes contributory negligence to the plaintiff, and, if contributory negligence be imputed to the plaintiff, the trier of fact could find it to be remote rather than proximate.

█ What constitutes reasonable care on the part of an owner of a parking lot for the safety of his customers is a question for the jury. *Dawson, supra; Grizzell, supra*. The owner is not an insurer of the safety of his invitee; reasonable care under the circumstances is all that is required. *Dawson, supra*. When dealing with the problem of a natural accumulation of snow and ice, the exercise of reasonable care would involve, among other things, the length of time the accumulation has been present; the amount of the accumulation; whether the accumulation could be, as a practical matter, removed; the cost of the removal; and the foreseeability of injury to an invitee.

█ We hold that jury issues are presented on the questions of whether the defendant exercised reasonable care for the safety of the plaintiff; whether the plaintiff exercised reasonable care for his own safety; whether the plaintiff assumed the risk or

was guilty of contributory negligence; and, if guilty of contributory negligence, whether it was remote or proximate. Under this record it can not be said that reasonable minds could not disagree on these issues. The record presents genuine issues of material facts and the defendant is not entitled to judgment as a matter of law.

The judgment of the trial court is reversed, and this lawsuit is remanded to the Circuit Court sitting in Hardeman County, Tennessee, for a trial of all issues. The accumulated costs in the trial court and in this court are adjudged against the defendant for which execution may issue, if necessary.

NEARN and EWELL, JJ., concur.