| | | |
|---|---|---|
| LUCY L. BOND, | ) | |
| | ) | Davidson Circuit |
| Plaintiff/Appellant, | ) | No. 96C-4542 |
| | ) | |
| VS. | ) | |
| | ) | |
| BELLE MEADE FUND PARTNERS, | ) | Appeal No. |
| L.P.; BRANCH PROPERTY, L.P., | ) | 01A01-9802-CV-00059 |
| BRANCH PROPERTY LTD. | ) | |
| PARTNERSHIP, | ) | |
| | ) | |
| Defendants/Appellees. | ) | |

FILED

November 9, 1998

Cecil W. Crowson
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

APPEAL FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

HONORABLE THOMAS W. BROTHERS, JUDGE

Keith Jordan, BPR #3000
222 Second Avenue, North
Suite 360-M
Nashville, Tennessee 37201
ATTORNEY FOR PLAINTIFF/APPELLANT

M. Bradley Gilmore, #13804
PARKER, LAWRENCE, CANTRELL & DEAN
200 Fourth Avenue North
Fifth Floor
Nashville, Tennessee 37219
ATTORNEY FOR DEFENDANTS/APPELLEES

REVERSED AND REMANDED.

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCURS:
WILLIAM C. KOCH, JR., JUDGE
WILLIAM B. CAIN, JUDGE

| | |
|---|---|
| LUCY L. BOND, | ) |
| | )    **Davidson Circuit** |
|      **Plaintiff/Appellant,** | )    No.  96C-4542 |
| | ) |
| VS. | ) |
| | ) |
| BELLE MEADE FUND PARTNERS, | )    **Appeal No.** |
| L.P.; BRANCH PROPERTY, L.P., | )    **01A01-9802-CV-00059** |
| BRANCH PROPERTY LTD. | ) |
| PARTNERSHIP, | ) |
| | ) |
|      **Defendants/Appellees.** | ) |

# O P I N I O N

The plaintiff sued for injury suffered when she stepped into a hole in the asphalt surface of a parking lot provided for customers of Kroger Company.  Kroger was dismissed by nonsuit, and the remaining defendants were dismissed by summary judgment.  Plaintiff appealed and presented the following issue:

> I.  Whether a genuine issue of material fact has been raised by the plaintiff/appellant, so as to warrant this cause to be tried on its merits.

The appellees-defendants presented the following issues:

> 1.  Whether the trial court properly granted summary judgment to the defendants based on the plaintiff's failure, after adequate time for discovery, to establish the existence of any evidence that the defendants created or had actual or constructive notice of an alleged defective condition on the premises that caused Ms. Bond's fall.

> 2.  Whether the trial court abused its discretion in excluding the affidavits of James Vance under Tenn.R.Evid. 702 and 703.

Pertinent portions of the complaint are:

> That on or about December 19, 1995, LUCY L. BOND, traveled to the Kroger Co. Grocery store located at 4500 Harding Road, Nashville, Davidson County, Tennessee. That while stepping out of her vehicle, she fell as a result of a sizeable hole in the pavement of the parking lot, resulting in a fractured ankle and other serious and complicated medical problems.

> That the hole in the parking lot was a hazardous, dangerous condition unknown to the Plaintiff and is indicative

of failure on the part of the Defendants to properly maintain the premises for patrons of the store.

That the Defendants knew or should have known of the dangerous and hazardous conditions of the parking lot, but failed to properly maintain and repair such.

The motion for summary judgment states:

The undisputed facts establish that the defendants neither created the condition nor had actual or constructive notice of it. The undisputed facts further establish that before the date of the plaintiff's accident, the defendants exercised reasonable care in maintaining the parking lot.

Evidence submitted in support of the motion consisted of the following:

1.      The deposition of plaintiff containing the following:

Q.      And when you got out of your van, you got out the driver's side?

A.      Yes.
- - - -
Q.      Did you step down right into the hole?

A.      Yes. Because when I stepped down into the hole, that first step I was into the hole and I think I was on the ground.
- - - -
Q.      Can you describe the hole that you fell in?

A.      I mean, it wasn't like a big crater hole. It was like a -- I mean, it was just a -- like it was not smooth. It was just a hole. You know, it was --

Q.      Do you know how deep it was?

A.      Two or three inches.
- - - -
Q.      My question is: Do you remember looking at the hole right after you fell?

A.      No.

2.      The affidavit of defendants' manager that, every 3 or 4 weeks, she inspected the parking lot for defects, including potholes and had any discovered defects repaired.

3.      An "on site maintenance person" was instructed to inspect the parking lot daily for defects and to repair defects found.

-3-

4.     A commercial sweeping service swept the lot daily. If this service had reported any defects they would have been repaired immediately.

5.     Business records of the defendants show that the lot "underwent a major improvement in 1988, potholes were patched and the pavement was resealed in 1994.

6.     "Parking lot repair" was performed on February 10, 1995, "asphalt repair" was performed on May 24, 1995, "seal and stripping lots" was performed August 23, 1995, "speed bump repairs" were performed on December 14, 1995, and "concrete island replace" was performed on December 21, 1995.

7.     The lot was pressure washed intermittently and swept regularly.

It is significant that, although the defendants' affidavits indicate that systems and personnel were in place to assure integrity and safety of the parking lot, no evidence is found that "on or about December 19, 1996" or at any time shortly preceding that date, the lot was examined and found to be free of potholes. Moreover, the lack of any report of potholes from those who had the duty to report same is not conclusive evidence that there were no potholes.

In contrast to the inference to be drawn from the negative evidence that no pothole was reported, there is the positive deposition of plaintiff that there was a pothole at the time of her injury.

For purposes of reviewing the summary judgment, this Court must view the evidence of plaintiff in its most favorable light and find that the existence of the pothole was a disputed issue fact which must be resolved by a trial rather than by summary judgment. *Barber v. Ralston Purina Co.*, Tenn. App. 1991, 825 S.W.2d 96.

What constitutes reasonable care on the part of a parking lot in providing for the safety of invitees is a question for the jury. *Mumford v. Thomas*, Tenn. App. 1980, 603 S.W.2d 154.

In the past, some "trip and fall" suits have been dismissed under the "open and obvious rule." Plaintiff testified that the pothole was not open and obvious to her because her foot went into the hole as she stepped from her vehicle. If her version of the incident is found to be true, then the open and obvious rule might be held to be inapplicable. Moreover, the Supreme Court has recently modified the open and obvious rule and revised the duty of the owner or controller of a premises to an invitee or licensee who is injured on the premises.

In *Coln v. City of Savannah*, for publication, March 30, 1988, Tenn. 1998, 966 S.W.2d 34, the Supreme Court said:

> After reviewing the two cases before us, the extensive literature, our Tennessee cases on the subject, and cases from other jurisdictions, we conclude that an open and obvious danger does not automatically result in a finding of no duty and therefore no landowner liability. As in any negligence action, we think a risk is unreasonable and gives rise to a duty to act with due care if the foreseeable probability and gravity of harm posed by a defendant's conduct outweigh the burden upon the defendant to engage in alternative conduct that would prevent the harm. McCall v. Wilder, 913 S.W.2d 150 (Tenn. 1995). Applying this analysis, if the foreseeability and gravity of harm posed by the defendant's conduct, even if "open and obvious," outweigh the burden upon the defendant to engage in alternative conduct, the defendant has a duty to act with reasonable care and the comparative fault principles apply under McIntyre v. Balentine, supra.
>
> - - - -
>
> In each of these premises liability cases, the plaintiff contends that the open and obvious rule does not preclude finding a duty owned by the defendant landowner and that an open and obvious danger is merely a factor for consideration in determining comparative fault under McIntyre v. Balentine. The landowner defendants in both cases maintain that the rule is intact; that there is no duty of care when an open and obvious condition results in injury to the plaintiff. The City of Savannah in Coln also contends that the plaintiff was at least 50 percent negligent, barring recovery under comparative fault.
>
> - - - -
>
> We granted and consolidated these appeals to resolve the conflicting views and to determine the viability of the "open and obvious" rule after McIntyre; specifically, whether an "open and obvious" condition relieves a defendant's duty

of care or whether it merely is considered in assessing the comparative fault of the parties.

A negligence claim requires proof of the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause. Bradshaw v. Daniel, 854 S.W.2d 865, 869 (Tenn. 1993).

In McCall v. Wilder, supra, we explained that "a risk is unreasonable and gives rise to a duty to act with due care if the foreseeable probability and gravity of harm posed by defendant's conduct outweigh the burden upon defendant to engage in alternative conduct that would have prevented the harm." Among the factors for consideration are

> the foreseeable probability of the harm or injury occurring; the possible magnitude of the potential harm or injury; the importance or social value of the activity engaged in by defendant; the usefulness of the conduct to defendant; the feasibility of alternative, safer conduct and the relative costs and burdens associated with that conduct; the relative usefulness of the safer conduct; and the relative safety of alternative conduct.

913 S.W.2d at 153.

The determination of whether a duty is owed requires a balancing of the foreseeability and gravity of the potential harm against the burden imposed in preventing that harm. McClung v. Delta Square Lt. Partnership, 937 S.W.2d 891, 901 (Tenn. 1996). Assuming a duty of care is owed, be it a duty to refrain from creating a danger or a duty to warn against an existing danger, it must then be determined whether a defendant has conformed to the applicable standard of care, which is generally reasonable care under the circumstances. "Ordinary, or reasonable, care is to be estimated by the risk entailed through probable dangers attending to the particular situation and is to be commensurate with the risk of injury." Doe v. Linder Constr. Co., Inc., 845 S.W.2d 173, 178 (Tenn. 1992).

If the plaintiff meets the burden of establishing the defendant's duty in a particular case, as well as the other elements of the negligence claim, the trier of fact must apply the principles of McIntyre v. Balentine, supra. In that case we joined nearly every jurisdiction in holding that a plaintiff's contributory negligence no longer would bar recovery against a tortfeasor and adopting a system of comparative negligence in which the plaintiff's negligence is compared to the fault of the defendant or defendants. A plaintiff whose negligence is less than that of a tortfeasor may now recover damages

reduced by a percentage of the plaintiff's own negligence. 833 S.W.2d at 54.

- - - -

In premises liability cases, application of duty principles resulted in imposing a duty on an owner or possessor of premises to exercise reasonable care under the circumstances to a guest (licensee) or business invitee. The duty includes the responsibility of either removing or warning against any latent or hidden dangerous condition on the premises of which one was aware or should have been aware through the exercise of reasonable diligence. <u>Eaton v. McLain</u>, 891 S.W.2d 587, 594 (Tenn. 1994); <u>Smith v. Inman Realty Co</u>., 846 S.W.2d 819, 823 (Tenn. App. 1992).

- - - -

(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, <u>unless the possessor should anticipate the harm despite such knowledge or obviousness</u>.

- - - -

Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it. Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk.

- - - -

Moreover, the open and obvious rule is inconsistent with our cases which analyze duty by balancing foreseeability and gravity of harm with feasibility and availability of alternatives that would have avoided the harm.

- - - -

We reject the defendants' contentions that restriction of the open and obvious danger rule will preclude the trial court from applying mechanisms such as summary judgment and directed verdict to evaluate cases. By retaining the separate analysis of duty, and not totally subsuming all cases by applying comparative fault, the mechanisms of summary judgment and directed verdict remain viable to evaluate cases at preliminary stages in the proceedings.

The evidence presented by defendants in support of their motion is not sufficiently conclusive to entitle them to dismissal as a matter of law. Any doubt as to the existence of a genuine issue of fact must be resolved against the moving party. *Barber v. Ralston Purina*

-7-

*Co.*, Tenn. App. 1991, 826 S.W.2d 96. Generally, what constitutes negligence on the parking lot is a question for the jury. *Mumford v. Thomas*, Tenn. App. 1980, 603 S.W.2d 154.

Complaint is made of the exclusion of the affidavit of a witness with 15 years experience in the installation, maintenance and repair of asphalt surfaces. It is not necessary for an "expert" who expresses an opinion to have any particular qualification except knowledge of the subject matter which is not possessed by an ordinary person which information would assist the trier of fact in reaching an accurate and just conclusion. TRE Rule 702.

Mr. Vance's affidavit makes a prima facie showing that he is qualified to render an opinion concerning the deterioration of asphalt based on his knowledge, experience, and training gained from working with asphalt for fifteen years. Thus, the trial court erred, to the extent that it excluded Mr. Vance's affidavit based on his lack for more formal education or qualifications.

We also find that the trial court erred by striking Mr. Vance's affidavit on the ground that it lacked trustworthiness because Mr. Vance's opinion was based on Ms. Bond's description of the pothole or because Mr. Vance did not explain how he arrived at his conclusion that a pothole of the size described by Ms. Bond "would have taken numerous months to develop." These are certainly appropriate considerations when the trial court is performing its "gate keeper" function at trial, but the same standards do not apply at the summary judgment stage.

The courts customarily treat the papers of a party opposing a motion for summary judgment more indulgently than the papers of the party seeking the summary judgment. The evidence supporting and opposing a summary judgment will be considered in the light most favorable to the opposing party, *see Speaker v. Cates Co.*, 879 S.W.2d 811, 813 (Tenn. 1994), and the nonmoving party is also entitled to all favorable inferences that can be

reasonably drawn from the proof. *See Byrd v. Hall*, 847 S.W.2d 208, 210-11 (Tenn. 1993). The court's indulgence may extend to technically defective papers that inform the court of important relevant evidence that the nonmoving party can and will introduce at trial. *See* 6 James A. Moore, et al., Moore's *Federal Practice* § 56.22[1] (2d ed. 1995); 10A Charles A. Wright, et al., *Federal Practice and Procedure* § 2738, at 485 (2d ed. 1983).

Mr. Vance's affidavit should not have been stricken because it did not contain a description of how Mr. Vance arrived at his opinion. Tenn. R. Civ. P. 56.06 provides that the adequacy of expert affidavits should be measured by the requirements of the rules of evidence. Tenn. R. Evid. 705 permits experts to give an opinion without prior disclosure of the underlying facts or data. Thus, Mr. Vance's affidavit was competent. It does not necessarily follow, however, that Mr. Vance will be able to give an expert opinion at trial. Like any other expert witness, Mr. Vance may be subjected to cross-examination concerning the basis of his opinion, and the trial court, acting as gate keeper, may exclude Mr. Vance's opinion if it determines that the opinion will not substantially assist the trier of fact or that the facts, data, or methodology on which the opinion is based indicates a lack of trustworthiness.

The summary judgment in favor of defendants is reversed and vacated. Costs of the appeal are taxed against the defendants-appellees. The cause is remanded to the Trial Court for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
WILLIAM C. KOCH, JR., JUDGE

_____
WILLIAM B. CAIN, JUDGE

# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| LUCY L. BOND, | ) | |
| | ) | Davidson Circuit |
| Plaintiff/Appellant, | ) | No. 96C-4542 |
| | ) | |
| VS. | ) | |
| | ) | |
| BELLE MEADE FUND PARTNERS, | ) | Appeal No. |
| L.P.; BRANCH PROPERTY, L.P., | ) | 01A01-9802-CV-00059 |
| BRANCH PROPERTY LTD. | ) | |
| PARTNERSHIP, | ) | |
| | ) | |
| Defendants/Appellees. | ) | |

## JUDGMENT

In accordance with the opinion of the Court filed herein, the judgment of the Trial Court is reversed.  Costs of this appeal are adjudged against the defendants-appellees.  The cause is remanded to the Trial Court for necessary further proceedings consistent with the opinion of this Court.

_____
HENRY F. TODD,
PRESIDING JUDGE, M.S.


_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, JUDGE