# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

January 30, 1998

Cecil W. Crowson
Appellate Court Clerk

JAMES DILLARD and wife,              )
THELMA DILLARD,                       )
                                      )
    Plaintiffs/Appellants,        )
                                      )         Davidson Circuit
VS.                                   )         No. 95C-1880
                                      )
THE VANDERBILT UNIVERSITY             )         Appeal No.
and CENTRAL PARKING SYSTEM,           )         01A01-9706-CV-00265
INC.,                                 )
                                      )
    Defendants/Appellees.         )


APPEAL FROM THE CIRCUIT COURT FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE THOMAS W. BROTHERS, JUDGE


For Plaintiffs/Appellants:                    For Defendants/Appellees:

Anthony E. Hagan                              Joseph F. Welborn, III
Lebanon, Tennessee                            Bass, Berry & Sims
                                              Nashville, Tennessee


# AFFIRMED AND REMANDED


WILLIAM C. KOCH, JR., JUDGE

# OPINION

This appeal concerns a woman who was injured when she tripped over a brightly painted concrete tire stop in a hospital parking garage. The woman and her husband filed a negligence action in the Circuit Court for Davidson County against the owner and operator of the parking garage. The trial court granted the defendants' motion for summary judgment, and the plaintiffs have appealed. We affirm the summary judgment because the defendants did not have a duty to protect patrons from the tire stop.

## I.

Thelma Dillard underwent a cornea transplant at Vanderbilt University Medical Center in early 1994. Several months later, on June 29, 1994, she returned to the hospital for a checkup with her opthamologist. Following her appointment, Ms. Dillard and her husband returned to the parking garage adjacent to the hospital where they had parked their car. As Ms. Dillard walked toward her car, she heard a loud engine noise behind her and, fearing that she was in the path of an on-coming car, stepped to her left without looking where she was going. Ms. Dillard tripped over a brightly painted concrete tire stop approximately six inches high, five inches wide, and six feet long. She injured her eye, arm, hip, pelvis, and head in her fall.

The tire stop over which Ms. Dillard tripped was located on the inside of a curve in the parking garage adjacent to where the vehicles drove and patrons walked. It was out of the normal flow of vehicular and pedestrian traffic and was placed on a diagonal at the end of a row of parking spaces, apparently to prevent cars from parking near enough to the turn to block vehicular traffic. The tire stop was painted bright yellow, and the floor area around it was also marked with bright yellow cross-hatched lines.

Ms. Dillard and her husband sued Vanderbilt University, the owner of the garage, and Republic Parking System, Inc., the lessee of the garage, alleging that they were negligent in placing the tire stop in a common walkway used by pedestrians.

Both Vanderbilt and Republic Parking moved for summary judgment. The trial court granted the motions, reasoning that Vanderbilt and Republic Parking did not have a duty to warn pedestrians of the tire stop or to remove it because the tire stop was open and obvious and because injuries such as those sustained by Ms. Dillard were not reasonably foreseeable. The Dillards argue on appeal that granting the summary judgment was improper because Ms. Dillard reacted to a sudden emergency and because the risk of harm to pedestrians was foreseeable.

## II.

The standards for reviewing summary judgments on appeal no longer require lengthy elaboration. Because summary judgments do not enjoy a presumption of correctness on appeal, *see City of Tullahoma v. Bedford County*, 938 S.W.2d 408, 412 (Tenn. 1997); *McClung v. Delta Square Ltd. Partnership*, 937 S.W.2d 891, 894 (Tenn. 1996), appellate courts must make a fresh determination concerning whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Mason v. Seaton*, 942 S.W.2d 470, 472 (Tenn. 1997). Summary judgments are appropriate only when there are no genuine material disputes regarding the relevant facts and when the moving party is entitled to a judgment as a matter of law. *See* Tenn. R. Civ. P. 56.03; *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

Courts considering summary judgments must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable factual inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997); *Mike v. Po Group, Inc.*, 937 S.W.2d 790, 792 (Tenn. 1996). Thus, using standards akin to motions for directed verdict, the courts should grant a summary judgment only when the undisputed facts reasonably support one conclusion – that the moving party is entitled to a judgment as a matter of law. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms*, 900 S.W.2d at 26.

To succeed with a negligence claim, the plaintiff must establish: (1) a duty owed by the defendant to the plaintiff, (2) conduct by the defendant falling below the applicable standard of care, (3) an injury or loss resulting from the defendant's breach

of that duty, (4) causation in fact, and (5) legal cause. *See Haynes v. Hamilton County*, 883 S.W.2d 606, 611 (Tenn. 1994); *Bradshaw v. Daniel*, 854 S.W.2d 865, 869 (Tenn. 1993). The nature and scope of a person's duty in particular circumstances is a question of law to be decided by the courts. *See Blair v. Campbell*, 924 S.W.2d 75, 78 (Tenn. 1996). Thus, when the material facts are undisputed, a summary judgment is an appropriate vehicle for determining the existence of a defendant's duty. *See Nichols v. Atnip*, 844 S.W.2d 655, 658 (Tenn. 1992).

## III.

Vanderbilt and Republic Parking owed a duty to Ms. Dillard to exercise reasonable care under all the circumstances to protect her from unreasonable risks of harm. *See Hudson v. Gaitan*, 675 S.W.2d 699, 703 (Tenn. 1984); *Johnson v. EMPE, Inc.*, 837 S.W.2d 62, 65 (Tenn. Ct. App. 1992). That duty included maintaining the premises in a reasonably safe condition, including removing or warning of any latent, dangerous conditions that they were aware of or should have been aware of through reasonable diligence. *See Blair v. Campbell*, 924 S.W.2d at 76; *Smith v. Inman Realty Co.*, 846 S.W.2d 819, 823 (Tenn. Ct. App. 1992). It did not include warning her of dangers that were open and obvious. *See Eaton v. McClain*, 891 S.W.2d 587, 595 (Tenn. 1994).

A condition is dangerous if it is reasonably foreseeable that the condition could probably cause harm or injury. *See McCall v. Wilder*, 913 S.W.2d at 153; *McClung v. Delta Square Ltd. Partnership*, 937 S.W.2d at 901. Foreseeability does not require awareness of a precise type of injury, but rather an awareness of a general character of injuries similar to those suffered by the plaintiff. *See Dawson v. Sears, Roebuck & Co.*, 217 Tenn. 72, 81, 394 S.W.2d 877, 881 (1965); *Lancaster v. Montesi*, 216 Tenn. 50, 56, 390 S.W.2d 217, 220 (1965). If injuries of the type that occurred could not have been reasonably foreseen, a duty of care never arises. *See McCall v. Wilder*, 913 S.W.2d at 153; *Doe v. Linder Constr. Co.*, 845 S.W.2d 173, 178 (Tenn. 1992).

Under the undisputed facts of this case, Vanderbilt and Republic Parking did not breach its duty to Ms. Dillard because the brightly painted tire stop was not a latent dangerous condition. Tire stops such as the one involved in this case are

common features of parking lots. Ms. Dillard concedes that she had been in the garage before and that she was aware that these parking stops were in the garage. The incident occurred around noon on a clear and sunny day, and Ms. Dillard's vision was unimpaired. The tire stop was clearly marked with yellow paint to contrast it from its surroundings. Because noises from car engines are common in parking garages, it would be unreasonable to require Vanderbilt and Republic Parking to have foreseen that Ms. Dillard, upon hearing a car engine, would step suddenly to her left without looking where she was going and stumble over a brightly painted tire stop that was plainly visible to anyone looking where they were going.

## IV.

We affirm the summary judgment and remand the case to the trial court for whatever further proceedings may be required. We also tax the costs of this appeal, jointly and severally, to James Dillard and Thelma Dillard for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE


CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
BEN H. CANTRELL, JUDGE