# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

September 29, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

THOMAS E. DRAKE, and wife,       )
DEBRA DRAKE,                     )
                                 )
     Plaintiffs/Appellants.      )
                                 )   Appeal No.
VS.                              )   01-A-01-9810-CV-00525
                                 )
BILL MANSON, Individually and    )   Wilson Circuit
WILSON COUNTY, WILSON            )   No. 9717 and 10051
COUNTY SHERIFF AND               )
DEPARTMENT, and its Employees,   )
SERGEANT BILLY WILLIAMS          )
and OFFICER DONNA CAMP;          )
and CITY OF MT. JULIET,          )
TENNESSEE, and MT. JULIET        )
POLICE DEPARTMENT,               )
                                 )
     Defendants/Appellees.       )

## APPEAL FROM THE CIRCUIT COURT OF WILSON COUNTY
## AT LEBANON, TENNESSEE

### THE HONORABLE BOBBY CAPERS, JUDGE

WILLIAM L. MOORE, JR.
119 Public Square
Gallatin, Tennessee 37066
    Attorney for Plaintiffs/Appellants

THOMAS I. CARLTON, JR.
CHRISTOPHER S. DUNN
2700 Nashville City Center
Nashville, Tennessee 37219
    Attorneys for Defendant/Appellee Wilson County

DARRELL G. TOWNSEND
DERRICK C. SMITH
300 James Robertson Parkway
Nashville, Tennessee 37201-1107
    Attorneys for Defendant/Appellee City of Mt. Juliet

### AFFIRMED IN PART; REVERSED IN PART; AND REMANDED

BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:
CAIN, J.
COTTRELL, J.

**O P I N I O N**

A motorist was severely injured when his car was broadsided by a speeding vehicle, driven by an armed robbery suspect who had been fleeing in a stolen car from pursuit by police officers. The injured motorist's suit named the fleeing suspect, Wilson County, the City of Mt. Juliet, and individual police officers. The trial court granted summary judgment to all the defendants except for the driver of the stolen car. We affirm as to the individual officers, but reverse as to the County and City.

## I. A Dangerous Pursuit

On November 13, 1995, Thomas Drake was traveling eastward on Leeville Pike Road in Wilson County. As he was attempting to make a left turn at that road's intersection with Crowell Lane, his car was struck on the driver's side by a car which was traveling eastward at a high rate of speed in the westbound lane of Leeville Pike Road. Mr. Drake suffered severe and disabling injuries in the collision.

The car that collided with Mr. Drake's vehicle was driven by Bill Manson, an armed robbery suspect who, with four companions, had been fleeing from pursuit by Mt. Juliet police and Wilson County deputies prior to the collision. On June 10, 1996, Mr. Drake filed suit for his injuries, naming as defendants Bill Manson, Wilson County, the Wilson County Sheriff and Sheriff's

Department, Sergeant Billy Williams, Officer Donna Camp, the City of Mt. Juliet, and the Mt. Juliet Police Department.

Mr. Drake claimed that the high speed pursuit of Mr. Manson was conducted in a negligent way, and that such negligence was a proximate cause of his injuries. The Mt. Juliet and Wilson County defendants filed motions for summary judgment. They denied being guilty of any negligence, and asserted that the actions of Bill Manson were the sole cause of the accident.[1] On June 16, 1998, the trial court granted summary judgment to all of the defendants except for Bill Manson. The judgment was certified as a final judgment for purposes of appeal, pursuant to Tenn. R. Civ. P. 56.04, whereupon it reached this court.

## II. Summary Judgment

Summary judgment is an appropriate vehicle for disposing of a claim only when there is no dispute as to material facts, and the moving party is entitled to judgment as a matter of law. Rule 56.04, Tenn. R. Civ. P. *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993). Summary judgment is not to be regarded as a substitute for trial of disputed factual issues. *Gonzales v. Alman Construction Co.*, 857 S.W.2d 42 (Tenn. App. 1993). A trial court ruling on a summary judgment motion must view the pleadings and the evidence before it in the light most favorable to the opponent of the motion, *Wyatt v. Winnebago Industries*, 566 S.W.2d 276 (Tenn. App. 1977), and must draw all reasonable

---

[1]The motion of the City of Mt. Juliet contained an argument that Mr. Drake was himself negligent, but this theory has not been asserted on appeal.

factual inferences in favor of the non-moving party. *Dillard v. Vanderbilt University*, 970 S.W.2d 958 (Tenn. App. 1998).

In the present case, the individual officers named in the complaint were entitled to summary judgment as a matter of law, because when the immunity from suit normally enjoyed by governmental entities is removed under the provisions of the Governmental Tort Liability Act, Tenn. Code. Ann. § 29-20-101, et seq., a corresponding immunity is conferred upon the government employees whose alleged negligence gave rise to the cause of action. Tenn. Code. Ann. § 29-20-310(b).

The Wilson County Sheriff and Sheriff's Department and the Mt. Juliet Police Department are likewise entitled to summary judgment. It appears to us that they were named as defendants out of an abundance of caution on the part of the plaintiff. However, Wilson County is the only governmental body required by law to answer for the negligence of the sheriff and his deputies, Tenn. Code. Ann. §§ 8-8-301 and 302, while the City of Mt. Juliet is the proper defendant to answer for the acts of its police department, see Tenn. Code. Ann. § 29-20-102(3).

## III. *Haynes v. Hamilton County*

We acknowledge that if this case had arisen before the Supreme Court's decision in the case of *Haynes v. Hamilton County*, 883 S.W.2d 606 (Tenn. 1994), Wilson County and the City of Mt. Juliet would also have been

entitled to judgment as a matter of law. The Court's prior opinions had interpreted Tenn. Code. Ann. § 58-8-108, which deals with the operation of authorized emergency vehicles, to mean that law enforcement agencies could not be held liable for injuries to innocent third parties, when those injuries resulted from an accident between a vehicle being pursued by the police and the third party. The rationale for the earlier rule, as stated in the case of *Kennedy v. Spring Hill*, 780 S.W.2d 164 (Tenn. 1989), was that the police should not be held liable for attempting to perform their duty by arresting lawbreakers, and thus the misconduct of the fleeing suspect was deemed to be the sole proximate cause of any injuries.

In the *Haynes* case, three innocent teenagers were killed in a fiery collision that resulted from a 100 mile per hour pursuit, that began when a Hamilton County police officer attempted to pull over a Corvette that had no tail lights. After the accident, police learned that the Corvette had been stolen. The parents of the teens sued the County. The trial court, considering itself bound by the decisions in *Kennedy*, supra, and other cases, entered a judgment for the county, and this court affirmed.

The parents appealed to the Supreme Court, which then reversed its holding in *Kennedy*, recognizing that a decision to initiate or to continue pursuit can be negligent, if the risk to innocent third parties from such pursuit outweighs the public interest in apprehending the suspect. The Court listed some factors for the trial courts to consider when faced with the question whether such a decision should give rise to liability, including the speed and area of the pursuit, weather

-5-

and road conditions, the presence or absence of pedestrians and other traffic, alternative methods of apprehension, applicable police regulations, and the danger posed to the public by the suspect being pursued.  883 S.W.2d at 611.

## IV.  Disputed and Undisputed Facts

In the case before us, it is undisputed that the pursuit of Bill Manson began on a rural road where there was very little traffic, that the road was level and for the most part straight, that the weather was clear, and the roadbed was dry.  The suspects were believed to be armed and dangerous, and the danger they posed to the public had to be considered substantial.  Thus, we do not believe the decision to begin the pursuit of Mr. Manson and his companions is really at issue.

However, the collision itself occurred at an intersection where traffic was heavier, in an area that the investigating police officer characterized as urban and residential.  The appellant argues that the police were negligent in continuing the chase after the danger to other motorists increased, and has raised questions about the duration of the pursuit and about the failure of the police to utilize other means to apprehend the suspects.

Just prior to the collision, Donna Camp Huddleston, a Wilson County deputy, was driving the lead pursuit car, followed by three or four cars driven by Mt. Juliet officers.  The deputy had slowed her pursuit after the suspects threw objects at her car, and then pointed what appeared to be a firearm

at her. The deputy's superiors had also radioed her to slow down further, because they were going to attempt to use a "stinger," a device designed to puncture the tires of an oncoming car, at the intersection of Leeville Pike and Crowell Lane. As she approached the intersection, the deputy observed that other law enforcement officers had stopped traffic and had directed vehicles to the southern shoulder of Leeville Pike, and she saw the plaintiff's car turn left into the path of the suspect's car.

The appellees argue since Deputy Huddleston had backed off prior to the collision, and since this did not deter Mr. Manson from continuing to drive in an extremely reckless fashion, the plaintiff cannot establish that the officer's conduct was a "substantial factor" in bringing about the harm complained of, and thus that it could not be considered a proximate cause of Mr. Drake's injuries. See *Haynes v. Hamilton County*, supra at 611-12.

We do not believe, however, that we are required to find that liability cannot attach as a matter of law, as long as the pursuit slows down before the accident occurs. In the present case, the question of exactly how long before the accident the pursuers backed off is a material fact in dispute, as is the question of when it became unsafe to continue the pursuit. The fact that the suspect was driving at a high rate of speed and that the lead officer actually witnessed the collision would seem to indicate that the pursuit ended very shortly before the accident, or else that the pursuit actually continued, albeit in a less intense mode.

Further, law enforcement officers appeared to have taken control of the intersection where the accident occurred, but the presence of Mr. Drake's car in the middle of the intersection raises questions in regard to their management of the traffic. We note that the City of Mt. Juliet has argued that even if we reverse the summary judgment for the County, we should still affirm the judgment in favor of the City, because the County's deputy was leading the pursuit at the time of the accident. However, there is nothing in the record to indicate whether the Mt. Juliet officers still had their lights and sirens on at the time of the accident, or how far behind the lead car they were. We believe that there is enough uncertainty about the actions of the Mt. Juliet officers (including the possibility that they had a role in the activity at the intersection) to preclude summary judgment for the City.

### V. Other Arguments

The appellees further argue that a ruling against them would thwart public policy, by deterring police officers from pursuing felons who had used deadly force. It appears to us, however, that this amounts to the same argument that the Supreme Court rejected in *Haynes v. Hamilton County*. The danger that fleeing suspects pose to public safety is a factor that must be weighed against the danger of continuing the pursuit, rather than one that must be considered to outweigh all other factors.

The appellees cite an unpublished opinion of this court, *Crumley v. City of Smyrna* (Appeal No. 01A01-9607-CV-00316, filed at Nashville, January

24, 1997), which involved the pursuit of a suspect (driving a stolen police car) that resulted in injuries to an innocent third party. In that case, the trial court applied the factors discussed in *Haynes*, and entered a judgment for the defendant. This court affirmed, finding that the evidence did not preponderate against the findings of the trial court.

The implicit argument is that the factors militating against liability for the governmental defendants in the present case are at least as strong as they were in the *Crumley* case, and that in order to be consistent, we must rule in favor of the appellees. We note, however, that the Crumleys received a bench trial, and that they were able to fully develop the facts. Our review of the *Crumley* case was thus accompanied by a presumption of the correctness of the trial court's findings, as is required by Rule 13(d), Tenn. R. App. P. No such presumption accompanies a review of a grant of summary judgment.

We believe that like the Crumleys, the plaintiff in this case is also entitled to further develop his proof. In ruling for the plaintiff, we express no opinion as to the ultimate merits of his claim. We note, however, as did the appellees, that at trial the court is obligated to view the conduct of the police officers "in light of how a reasonably prudent police officer would respond under the circumstances, and not judge with the perfect vision afforded by hindsight." 883 S.W.2d at 611.

# VI.

The trial court's dismissal of the claims against Wilson County and the City of Mt. Juliet are reversed. In all other respects, the court's judgment is affirmed. Remand this cause to the Circuit Court of Wilson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellees.

 

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:


_____
WILLIAM B. CAIN, JUDGE


_____
PATRICIA J. COTTRELL, JUDGE