## WALLER v. OGLESBY and others.

### (*Nashville.* January 5th, 1887.)

MORTGAGE. *Assignment or sale of. Priority. Subrogation.*

A creditor who holds a mortgage on his debtor's real and personal estate to secure a debt to himself, and also to indemnify him as his debtor's surety to others, has in the mortgaged property an interest to the amount of his own debt and of payments made to others as his debtor's surety, which he may in good faith, and for a valuable consideration, sell or assign to another in payment of, or to secure a debt he may owe, and thereby give to the purchaser or assignee priority of satisfaction out of the mortgaged property, and cut off to that extent any right of subrogation on the part of the mortgageor's unpaid creditors.

### FROM WILLIAMSON.

Appeal from the Chancery Court of Williamson County. W. S. FLEMING, Ch.

E. M. HEARN for Waller.

COOK & MARSHALL and T. W. TURLEY for Oglesby.

TURNEY, C. J. On 24th September, 1875, Oglesby executed to L. H. Holt a mortgage on real and personal estate with the following provision: " But this conveyance is made upon the express provision that if I or my representatives do pay to the said Holt or his representatives the sum of about $8,000, with the interest thereon, on 1st of January, 1877, and shall save the said L. H. Holt harmless in all cases in which the said L. H. Holt is bound to me as stayor and surety, this deed shall be void, but not otherwise."

On 11th June, 1877, L. H. Holt assigned the mortgage to Thomas Holt, executor of John Page, deceased, for the consideration of $8,000, in this language: "All my right, title, claim, and interest in and to the mortgage and the property therein described."

Mrs. Waller, the owner of a note on Oglesby for $994.66, on which L. H. Holt was security, recovered judgment on January 8th, 1881, against both, execution was returned *nulla bona,* and on 2d February, 1881, she filed this bill asking to be subrogated to the rights of L. H. Holt under the mortgage, and to subject the property to the payment of her debt.

The mortgage was a security to Holt for a debt due to himself and an indemnity to him against his suretyship for the grantor. It was in his

power to have surrendered the mortgage at any time, to have consented to a conversion of the property by the grantor, or in any manner to have abandoned his rights under it, and no one could have lawfully complained, provided his act was in good faith. Persons having accepted him as security could have no claim upon him to take any step to procure further security for them, nor was it any concern of theirs that he did or did not take steps to secure a debt due to himself and to indemnify himself against debts for which he was security. These things were matters of contract for him and his debtor and principal. If he could contract to secure himself he could also contract. to release that security, and no legal injury would thereby result to other creditors of Oglesby. It was the right of Holt and Oglesby, after the execution of the mortgage, to have sold and absolutely conveyed to third persons the property embraced in the mortgage, and make perfect title thereto. By the mortgage Holt acquired such interest in the property conveyed as to authorize its pledge, by mortgage or deed of trust, for a debt due from him, or its sale for a valuable consideration, not only to the extent of the $8,000 secured to him, but also to the extent of any payment he might make on the debts for which he was surety embraced by the terms of this mortgage.

If, then, Holt undertook, in good faith, to secure another by the assignment of the mortgage,

that other will be protected in his purchase to the extent of the amount paid therefor or undertaken to be secured by the transfer. Holt's act in taking the mortgage being for himself, and not for the benefit of the other creditors of Oglesby, it cannot be attributed to him as an act of bad faith or dishonesty that he preferred to pay his own debts rather than those for which he was security.

The claims of other creditors of Oglesby to subject the property to the payment of debts due them can only be manifested by a subrogation to the rights of Holt, who, at the time of the filing of the bill, had parted with all rights, or, at least, was postponed to the rights of his assignee. Having takeñ security to himself for a two-fold purpose, and afterwards transferred that security for a single purpose of his own, that single purpose must be satisfied before he can set up any claim to the security. As the creditors of Oglesby must work out their right to the property through the claim of Holt, they must, like Holt, be deferred till Holt's assignee is satisfied, when they may appropriate any excess.

The property has been sold, and failed to produce enough to satisfy Page.

The exceptions to report of Commission are allowed, and decree of Chancellor affirmed with costs.

Judges Lurton and Caldwell dissent.