SCOTT et al. v. FIELDS.    (No. 4357.)

(Court of Civil Appeals of Texas.    Austin. Oct. 20, 1914.)

APPEAL AND ERROR (§ 454*)—JURISDICTION—WITHDRAWAL FROM APPEAL BOND.

Where jurisdiction has been vested in the appellate court by the filing of an appeal bond, pursuant to Vernon's Sayles' Ann. Civ. St. 1914, arts. 2084, 2099, which bond is signed by two defendants sued as partners, and against whom a joint and several judgment has been obtained, one defendant cannot thereafter, by erasing his name from the bond, defeat such jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2215; Dec. Dig. § 454.*]

Appeal from Falls County Court; W. E. Hunnicutt, Judge.

Action by J. P. Fields against A. M. Scott and another. From judgment for plaintiff, defendants appealed. Plaintiff moves to affirm on certificate as against the defendant named, on the ground that he has abandoned his appeal. Motion overruled.

Tom Connally, of Marlin, for the motion.

RICE, J. This suit was brought by appellee against Rea & Scott, as partners, and judgment recovered by him against them jointly and severally for the sum of $490.75, interest and costs, from which judgment said parties Rea & Scott duly perfected their appeal to this court by the execution and filing, after adjournment, on April 9, 1914, in the county court of said county their supersedeas bond, which was on said day duly approved. Thereafter, as appears from the record, one of the attorneys for said parties, on being allowed to inspect the bond, erased the name of Scott therefrom, and the transcript of the record was, within the time required by law, filed in this court by appellant Rea, without the name of the said Scott appearing on said bond.

Appellee has filed his motion in this court to affirm on certificate as against Scott, on the ground that he had abandoned his appeal. This motion, in our judgment, is not tenable, because neither Scott nor his counsel, after the appeal was perfected, could by such era-

sure defeat the jurisdiction of this court. An appeal is perfected by giving notice of appeal, and filing an appeal bond, as required by law. See 2 Vernon's Sayles' Rev. Stat. arts. 2084 and 2099. When this has been done, the trial court, eo instanti, loses, and the appellate court acquires, jurisdiction. See Curtis v. Bernstein & Co., 2 Willson Civ. Cas. Ct. App. § 672; Pfeuffer v. Wilderman, 1 Willson Civ. Cas. Ct. App. §§ 187, 188; Gordon v. Rhodes, 104 S. W. 786; McLane v. Kirby & Smith, 54 Tex. Civ. App. 113, 116 S. W. 118; G., C. & S. F. Ry. Co. v. Ft. W. & N. O. Ry. Co., 68 Tex. 103, 2 S. W. 199, 3 S. W. 564; Churchill v. Martin, 65 Tex. 367; Blum v. Wettermark, 58 Tex. 125.

When the appeal was perfected by appellants, as was done in the instant case, appellee acquired an interest in said bond, and, among other things, the right to send the transcript up and have the case affirmed on certificate, in the event of appellant's failure to file transcript within the time required by law; and this right certainly cannot be defeated by said appellant's unauthorized erasure of his name therefrom. The filing of the transcript by appellant Rea was, under the circumstances, the filing for both appellants, and inured to their joint benefit. The effort, therefore, on the part of Scott to abandon the appeal was a nullity, and the bond remained in full force and effect; so that the case is properly before us on appeal as to both parties, and the motion to affirm is therefore refused.

Motion overruled.