**Mark H. COLLIER and wife, Christine W. Collier, Plaintiffs/Appellants,**

v.

**SLAYDEN BROTHERS LIMITED PARTNERSHIP OF WAVERLY, HUMPHREYS COUNTY, Tennessee; and Col. William M. Slayden, II; and Col. Van H. Slayden; and Unknown Members of the Partnership, Defendants/Appellees.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Nov. 20, 1985.

Permission to Appeal Denied
Jan. 27, 1986.

Mark H. Collier, Dickson, for plaintiffs/appellants.

John Lee Williams, Charles N. Griffith, Waverly, for defendants/appellees.

## OPINION

KOCH, Judge.

This appeal involves the efforts of a bankrupt couple to regain possession of

three parcels of real property located in Humphreys County. Upon being notified that the property was going to be sold on the courthouse steps, the plaintiffs filed an action pursuant to Tenn.Code Ann. §§ 66–4–201 and 66–4–202 [1] in the Chancery Court for Humphreys County seeking to enjoin the foreclosure sale and for other relief. On December 12, 1984, the trial court granted the defendants' motion to dismiss pursuant to Tenn.R.Civ.P. 8.05(1) and Tenn. R.Civ.P. 12.02(6). The plaintiffs have perfected this appeal. For the reasons stated, herein, we affirm the decision of the trial court to dismiss this complaint for failure to state a claim upon which relief can be granted.

## I.

Mark H. Collier, an attorney practicing law in Dickson, and his wife owned three parcels of property in Humphreys County. Among these parcels was the third floor of the old Dairy Whip Building located on a corner lot on the west of the court square in Waverly. The rest of this building was owned by the Slayden Brothers partnership.[2] In accordance with their deeds, the Colliers and the partnership shared the responsibility for the maintenance and repair of the building's roof.

On April 23, 1980, the Colliers used their three parcels of property to secure a $4,236.71 note payable to the First National Bank of Dickson. The deed of trust [3] executed contemporaneously with the note, provided, in part, that in the event of the Colliers' default

this conveyance remains in full force and effect, and the said Trustee, or his successor in trust, is hereby authorized and empowered, upon giving 21 days notice, by 3 publication in THE NEWS DEMO-CRAT, Waverly, County, Tennessee, to sell said property at the Courthouse door in said County, to the highest bidder, for cash, and free from the equity of redemption, homestead, dower, and all other exemptions of every kind, which are hereby expressly waived, and the said Trustee, or his successor in trust, is authorized to make a deed to the purchaser. The creditor may bid at any sale under his conveyance.

On June 18, 1981, the Colliers filed for bankruptcy in the United States District Court for the Middle District of Tennessee.[4] On October 5, 1982, the United States District Court entered an order releasing them from all dischargeable debts.[5] Subsequently, on April 7, 1983, the Colliers' trustee in bankruptcy formally abandoned these three interests in real property having determined that the Colliers actually had little, if any, equity in these parcels.

Apparently the Colliers had abandoned the third floor of the old Dairy Whip Building because it had fallen into disrepair. Its windows were broken, and the birds were using it as a nesting place. The roof was also leaking seriously threatening to cause severe damage to the structure of the building itself and to its contents. Because the Colliers were unable to meet their obligation to participate in the maintenance of the building, William Slayden contacted the First National Bank to discover what the bank intended to do with the property. The representatives of the bank indicated that they were considering foreclosing on the property because the note was in default and offered to sell the Slayden Brothers partnership the note and deed of trust. They agreed upon a price, and on Novem-

---

1. These statutes prohibit the champertous sale of pretended interests in real property. The plaintiffs also alleged that the defendants had committed the common law offenses of "maintenance" and "common barratry."

2. This is a limited partnership consisting of Van H. Slayden and William M. Slayden, II. Van H. Slayden was the managing general partner and executive agent of the partnership.

3. The deed of trust was prepared by Mark H. Collier himself.

4. *In re Mark Harvard Collier, et al.,* No. 381–01978 (M.D.Tenn.).

5. This did not prevent the holder of the deed of trust from proceeding to foreclose on the property used to secure the note. See 3 L. King, *Collier on Bankruptcy* ¶ 524.01[3] n. 17b (1985).

ber 21, 1983, the First National Bank of Dickson executed a written assignment conveying the Colliers' mortgage and note to the Slayden Brothers partnership. This assignment was duly recorded.

The Slayden Brothers partnership published the three notices of its intent to sell the three pieces of property as required by the deed of trust. On April 6, 1984, William Slayden notified Mark Collier that the partnership had purchased the mortgage and note and that it intended to sell this property at the courthouse steps on April 20, 1984. The Colliers filed this action on April 19, 1984.

On May 16, 1984, the defendants filed a motion "to dismiss and/or strike complaint." This motion, together with other motions filed by the plaintiffs, was heard by the trial court on December 12, 1984. Although counsel for the plaintiffs had adequate notice of this hearing,[6] he failed to appear in court. Thus, all pending motions were disposed of in the absence of plaintiffs' counsel.

## II.

Part of the trial court's basis for dismissing this complaint was that it failed to comply with Tenn.R.Civ.P. 8. In this regard, Tenn.R.Civ.P. 8.05(1) provides, in part:

> Each averment of a pleading shall be simple, concise and direct. No technical forms of pleading or motions are required. Every pleading stating a claim or defense relying upon the violation of a statute shall, in a separate count or paragraph, either specifically refer to the statute or state all of the facts necessary to constitute such breach so that the other party can be duly apprised of the statutory violation charged.

When the complaint in this case is measured against this standard, it is clearly deficient. It is far from being "simple, concise and direct." It is a conglomeration of facts, legal argument and conjecture.

■ While it is not this Court's role to sift through the allegations in such a pleading in an effort to ascertain the precise issues in controversy, *H.H. Luttrell & Associates v. Bank of Quitman*, 559 S.W.2d 942, 943 (Tenn.1978), the failure to file a complaint in simple, concise and direct terms does not necessarily require dismissal in the first instance. A pleading challenged under Tenn.R.Civ.P. 8.05 should be tested using the frequently followed rule that a pleading should not be dismissed, no matter now inartfully worded, if it states a good cause of action. *Paschall's, Inc. v. Dozier*, 219 Tenn. 45, 50–51, 407 S.W.2d 150, 152 (1966) and *Kemp v. Town of Lebanon*, 215 Tenn. 118, 124, 384 S.W.2d 14, 17 (1964). Complaints should not be dismissed because of ambiguity, indefiniteness or uncertainty where there exists the remedy of obtaining a more definite statement. See 61A Am.Jur.2d *Pleading* § 254 (1981) and 71 C.J.S. *Pleading* § 224 n. 92 (1951).

■ Such a remedy was available to the defendants in this case; however, they did not chose to take advantage of it. When faced with a complaint as inartfully worded as the one in this case, the defendants should have filed a Tenn.R.Civ.P. 12.05 motion for more definite statement pointing out "the defects complained of and the details desired." If this motion is granted and the plaintiff fails to clarify its complaint, then it is subject to dismissal. See 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 12.20 (1985) and 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1379 (1969).

■ The complaint in this case, although overly long, repetitive and vague, contains several intelligible allegations that might amount to a claim pursuant to Tenn.Code Ann. §§ 66–4–201 and 66–4–202. Therefore, the form of the complaint alone should not be the basis for its dismissal.

---

**6.** Appellants' counsel conceded during the argument of this case that he had full notice of the change in the local rules of court with regard to hearing pending motions and also that he had notice that these motions would be heard on December 12, 1984. In explanation for his failure to appear, counsel stated: "I just through inadvertence didn't get there."

Rather, as discussed in the following sections, we find that the facts set out in the complaint do not warrant relief pursuant to Tenn.Code Ann. §§ 66–4–201 and 66–4–202 or any other plausible legal theory.

### III.

■ The defendants also challenged the Colliers' complaint pursuant to Tenn.R. Civ.P. 12.02(6) which provides for the dismissal of a complaint for failure to state a claim upon which relief can be granted. Courts considering such motions should construe the challenged complaint liberally in favor of the pleader. *Holloway v. Putnam County*, 534 S.W.2d 292, 296 (Tenn. 1976). Such motions, in effect, admit the truth of all material averments in the pleading being tested but assert that these facts do not constitute a cause of action. *Shelby County v. King*, 620 S.W.2d 493, 494 (Tenn.1981) and *League Central Credit Union v. Mottern*, 660 S.W.2d 787, 789 (Tenn.App.1983). A Tenn.R.Civ.P. 12.02(6) motion to dismiss should not be granted unless it appears beyond a reasonable doubt that the plaintiff can show no state of facts in support of its claim that will entitle it to relief. *Bellar v. Baptist Hospital, Inc.*, 559 S.W.2d 788, 790 (Tenn.1978) and *Ladd v. Roane Hosiery Inc.*, 556 S.W.2d 758, 760 (Tenn.1977).

The transaction that forms the basis of the Colliers' complaint is the First National Bank of Dickson's November 21, 1983 assignment of its mortgage to the Slayden Brothers. Reduced to its essence, the Colliers believe that this transaction was a champertous sale of a pretended interest in real property. However, the bank, as mortgagee, has more than a pretended interest in the property covered by the deed of trust. *Brier Hill Collieries v. Gernt*, 131 Tenn. 542, 552–53, 175 S.W. 560, 563 (1915); *Lincoln Savings Bank v. Ewing*, 80 Tenn. 598, 600–01 (1883); and *Howell v. Tomlinson*, 33 Tenn.App. 1, 10, 228 S.W.2d 112, 116 (1950). The Tennessee Supreme Court has specifically recognized that this interest can be assigned. *Nashville Trust Co. v. Smythe*, 94 Tenn. 513, 528, 29 S.W.

903, 907 (1895) and *Waller v. Oglesby*, 85 Tenn. 321, 323, 3 S.W. 504, 505 (1886). Such assignments do not require the mortgagor's consent in order to be valid. See 59 C.J.S. *Mortgages* § 350 (1949).

Based upon these precedents, there are no state of facts that the plaintiffs can show that would entitle them to relief pursuant to Tenn.Code Ann. §§ 66–4–201 and 66–4–202. Thus, the trial court was correct when it dismissed the complaint pursuant to Tenn.R.Civ.P. 12.02(6) for failure to state a claim upon which relief can be granted.

The judgment of the trial court is affirmed. The costs of this appeal are taxed to the appellants and their surety for which execution, if necessary, may issue.

TODD, P.J., and LEWIS, J., concur.