# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

**FILED**

**October 18, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| LAWRENCE A. HODGE, | ) | |
| | ) | 03A01-9712-CV-00558 |
| Plaintiff/Appellant, | ) | |
| | ) | Appeal as of Right From The |
| vs. | ) | KNOX COUNTY CIRCUIT COURT |
| | ) | |
| ROBERT C. EDWARDS, | ) | HON. DALE C. WORKMAN |
| | ) | JUDGE |
| Defendant/Appellee | ) | |

**For the Appellant:**

Lawrence A. Hodge
Pro Se
Inmate Number 74811
7475 Cockrill Bend Ind. Road
Nashville, TN 37209-1010

**For the Appellee:**

Robert C. Edwards
Pro Se
382 Emory Road
Blaine, TN 37709

AFFIRMED                                                                              Swiney, J.

# O P I N I O N

This is an appeal from an Order of the Circuit Court for Knox County dismissing

Appellant's complaint against his post-conviction attorney because it failed to state a cause of action by a short and plain statement of the claim as required by Rule 8.01, T.R.C.P., and because the claim is barred by the statute of limitations. Appellant states the issue as whether the Trial Court improperly dismissed his cause of action. Appellee raises the additional issue of whether the Trial Court should have granted his motion to dismiss for failure to prosecute. We affirm the judgment of the Trial Court.

## BACKGROUND

Mr. Hodge (Appellant), an inmate at Riverbend Maximum Security Prison in Nashville, was convicted in 1979 of first degree murder[1] and first degree criminal sexual conduct (now aggravated rape)[2] and received two consecutive life sentences. He filed a petition for post-conviction relief in 1988 for the first degree murder conviction and a separate petition in 1989 for the first degree criminal sexual conduct conviction. He alleged ineffective assistance of counsel with regard to both convictions. As to the murder conviction, at the completion of the original trial the judge asked the petitioner if he was satisfied with the services of trial counsel. Petitioner responded that he "couldn't have got [sic] a better lawyer" and later picked counsel up and hugged him. *Hodge v. State*, C.C.A. No. 03C01-9406-CR-00201, filed February 28, 1995, *perm. app. denied* June 5, 1995. Following evidentiary hearings, the trial court dismissed both petitions, and the dismissals were affirmed by the Court of Criminal Appeals.

On March 20, 1997, Appellant filed another post-conviction relief petition in which he alleged "newly discovered evidence" consisting of his childhood mental health evaluations conducted between 1966 and 1972. He alleged these evaluations established a defense of insanity and incompetence to stand trial in 1979. The trial court dismissed the petition based upon the statute of limitations, and the Court of Criminal Appeals affirmed.

Appellant filed this "Complaint for Malpractice, Negligence, Breach of Contract," in the Chancery Court for Knox County on May 12, 1997, against Appellee, the attorney who was appointed sometime in the 1990s to represent him in a post-conviction proceeding concerning Appellant's

conviction in 1979. Appellant alleged this "new evidence," which he says in his complaint that he first discovered on May 2, 1996, "could have been easily ascertained by Appellee through diligent discovery and investigation skills."

The "new evidence" consisted of copies of Appellant's mental health records from Eastern State Psychiatric Hospital, where he was a patient at ages 9, 11, 13 and 16. According to these records, during that period of his childhood, Appellant was diagnosed as (1) borderline mentally retarded (I.Q. 72); (2) non-psychotic organic brain syndrome, probably from birth trauma, EEG within normal limits; (3) personality disorder, inadequate; and (4) behavior disorder, delinquent reaction.

On September 5, 1997, the Trial Court "reviewed the file and listened, in full, to a tape sent to the Court by Joey Perryman, attempting to represent plaintiff as counsel." The Court then found the complaint failed to state a cause of action by a short and plain statement of the claim as required by Rule 8.01, T.R.C.P. The Trial Court also found that the Appellee represented Appellant in a post-conviction relief petition more than one year prior to the filing of the complaint, and, therefore, any claim for personal negligence is barred by the statute of limitations.

Appellant then filed, in September 1997, his "Plaintiff's Objections to Judge Workman's Order as Non-Responsive for the Lack and Ignorance of the Law." Copies of Appellant's mental health records were attached to this pleading. In this document, which the Trial Court generously construed as a Motion to Alter or Amend under T.R.C.P. Rule 59.04, Appellant complains of the Trial Court's "lack of knowledge and ignorance of the law," and insists that, because Appellant is borderline mentally retarded, has chronic brain syndrome, and cannot functionally read and write English, he was not put on inquiry that he had a right of action against Appellee. Appellant argued that, "[e]ven if the statute of limitations had ran out in plaintiff's cause of action, his present/past mental illness would fall within the guidelines of the saving statute as defined by T.C.A. § 28-1-106" since, as a person of unsound mind, he "may commence the action after the removal of such disability."

On December 27, 1997, Appellant filed a "Notice of Appeal as of Right," and on February 4, 1998, filed, "In the Circuit Court of Appeals of Tennessee at Knoxville, Brief of the

Appellant" which was stamped Filed by the Clerk of this Court.

In May, 1998, Robert C. Edwards, Appellee, filed his "Motion to Dismiss for Failure to Prosecute by Special Appearance" in the Circuit Court for Knox County. Appellee argued in that motion that the original complaint was filed on May 12, 1997, that no summons was ever issued and the defendant has never been served, and that as a consequence, the Trial Court has never acquired jurisdiction over the defendant in this case, citing *Hine v. Commercial Carriers, Inc.,* 802 S.W.2d 218 (Tenn. 1990). Appellee argued in his motion that the case had been pending for over a year, the plaintiff had never caused the issuance of a summons, this action was never "commenced" as contemplated by T.R.C.P. Rule 3, the suit had not been diligently prosecuted by the plaintiff, and it should therefore be dismissed.

Appellant replied:

<u>Objections to Defendants Motion to Dismiss</u>

The Court dismissed plaintiff's cause of action Sept. 5, 1997 at its own initiative. Therefore, serving of a summons in this action would be futile. Defendants motion to dismiss is asinine hyperbole. Notice of Appeal has been filed in this action, the Knox County Court clerk is directed to transfer the Record of this cause to the Appeals Court.

On July 10, 1998, the Trial Court filed an Order disposing of Appellant's Motion to Alter or Amend the Judgment and the Appellee's Motion to Dismiss for failure to Prosecute by Special Appearance by denying the former motion and finding the latter moot.

This Court, by Order of November 20, 1998, found that Appellant's brief has been filed in this Court, and dismissal for failure to prosecute would be unwarranted. This Court directed the Clerk of the Circuit Court for Knox County to transmit the record below to this Court, and the trial record was filed with this Court on April 5, 1999.

## DISCUSSION

Appellant first contends that the Complaint should not have been dismissed under Rule 8.01, T.R.C.P., which provides, as pertinent:

**Claims for Relief. -** A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain: (1) a short and plain statement of the claim showing that the pleader is entitled to relief; and (2) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

This Court, in another case brought by an incarcerated Plaintiff-Appellant acting pro se, (civil suit - automobile accident in which her children were injured), found that

. . . plaintiff has, in large part, complied with the requirements of Tenn.R.Civ.P. 8.01; that is, she has set forth "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief which he deems himself entitled." Although there are technical inaccuracies in plaintiff's complaint, we are sensitive to the fact that plaintiff brings this action *pro se.* Moreover, the Rules direct this Court to construe all pleadings so as to do substantial justice. Tenn.R.Civ.P. 8.06; *Collier v. Slayden Bros. Ltd. Partnership,* 712 S.W.2d 106, 108 (Tenn. App. 1985). Plaintiff's complaint states that an accident occurred, that her children were injured, and the money damages that are sought. We find that plaintiff's complaint was sufficient to put defendant Queens on notice of the claims against him and to enable him to file an answer."

*Monroe v. Cummings,* Tenn. Ct. App. 1996, No. 01A01-9511-CV-00526, Nashville, filed July 10, 1996, *no appl. perm. app*.

In this case, Appellant's complaint is styled, "Complaint for Malpractice, Negligence, Breach of Contract." In the body of the complaint, he "respectfully moves this Honorable Court for a tortfeasor suit of attorney-client malpractice, negligence and breach of contract against Robert C. Edwards (referred to hereinafter as defendant) . . . plaintiff seeks two hundred-fifty thousand (250,000.00) dollars in proximate cause damages and one hundred thousand (100,000.00) dollars in punitive damages against defendant."

The complaint is confusing, contains numerous errors and has blanks drawn where dates and other information should have been supplied. The Trial Court stated that a tape-recording was received at some point in the proceedings below which indicated that the documents were prepared by Joey Perryman, a non-lawyer attempting to act as counsel for Appellant. However, we are able to deduce from the complaint that, as grounds for relief, Appellant contends that (1) he recently discovered childhood mental health records; (2) if presented at his post-conviction hearings, the records would have

prevented the dismissal of his petitions for post-conviction relief, and (3) his post-conviction counsel, Appellee, having failed to discover his mental health records, is liable to him for damages for attorney malpractice.

While it is a close question, in construing the complaint so as to do substantial justice, Rule 8.06, T.R.C.P., we find that Appellant's complaint was sufficient to resist dismissal for failure to state a cause of action by a short and plain statement of the claim under Rule 8.01 T.R.C.P. However, such is not the case on the issue of the statute of limitations. Appellant contends that the complaint should not have been dismissed based on the statute of limitations for attorney malpractice. We disagree.

Attorney malpractice actions are governed by T. C. A. § 28-3-104(a), which provides:

**28-3-104. Personal tort actions.**

(a) The following actions shall be commenced within one (1) year after the cause of action accrued:

\* \* \*

(2) Actions and suits against attorneys or licensed public accountants or certified public accountants for malpractice, whether the actions are grounded or based in contract or tort.

A cause of action accrues "when the plaintiff suffers in actuality a legally-cognizable wrong and thus acquires a right to bring suit for redress," *Shell v. State,* 893 S.W.2d 416, 422 (Tenn. 1995). The legally cognizable wrong which Appellant apparently claims is the alleged failure of Appellee to discover and use Appellant's childhood mental health records at his post-conviction proceedings in 1993 and 1994, which Appellant says constitutes legal malpractice.

The issue of when a legal malpractice action accrues for statute of limitations purposes is governed by a specific formulation of the "discovery rule" applicable to such actions. That "legal malpractice discovery rule" is composed of two distinct elements and requires that

> the plaintiff (1) must have suffered a "legally cognizable injury" or "actual injury" as a result of the defendant's negligence; and (2) must have known or in the exercise of reasonable diligence should have known that this injury was caused by defendant's negligence.

*Carvell v. Bottoms,* 900 S.W.2d 23 at 28, 30 (Tenn. 1995).

In this case, the date of Appellant's last post-conviction hearing was February 24, 1994,

and that post-conviction petition was dismissed on March 11, 1994. Appellant admits that he first obtained copies of his medical records on May 2, 1997. He did not file his complaint until May 12, 1998, more than one year from the date he obtained those copies. There is nothing in the record to support Appellant's assertion that the records constitute newly discovered evidence, but, even assuming that Appellant's health history was unknown to him so as to qualify as "newly discovered evidence," his argument must fail. It is clear from the record before this Court that Appellant knew or in the exercise of reasonable diligence should have known on May 2, 1997, at the very latest, that his claimed "legally cognizable injury" or "actual injury" was caused by Appellee's alleged negligence. Since he did not file his complaint within one year of May 2, 1997, his suit was filed too late.

Appellant then contends that "[e]ven if the statute of limitations had ran out in plaintiff's cause of action, his present/past mental illness would fall within the guidelines of the saving statute as defined by T. C. A. § 28-1-106" since, as a person of unsound mind, he "may commence the action after the removal of such disability." There is no proof in the record that Appellant fits under T.C.A. § 28-1-106, but there is proof in the record otherwise. On February 28, 1995, the Court of Criminal Appeals, denying Appellant's post-conviction petition in his first degree murder case, found that, "[b]ased upon his initial meetings with the petitioner, trial counsel sought a mental evaluation of the petitioner. Because the results of the evaluation indicated that the petitioner was competent to stand trial, counsel realized that an insanity defense was not viable." Appellant has failed to submit any affidavits or documentary evidence of incompetency which would trigger T. C. A. § 28-1-106. The Complaint was filed more than one year after the cause of action accrued. The Trial Court did not err in dismissing Appellant's claim as not timely filed.

Appellee claims that the Trial Court should have granted his Motion to Dismiss For Failure To Prosecute. The Trial Court held that the Appellee's Motion to Dismiss For Failure To Prosecute was moot because of the Trial Court's dismissal of the complaint for failure to state a claim and the running of the statute of limitations. In light of our ruling affirming the Trial Court's dismissal based on the statute of limitations, it is unnecessary that we address the Appellee's issue concerning his

Motion to Dismiss For Failure To Prosecute.

## CONCLUSION

The judgment of the Trial Court is affirmed and this cause is remanded to the Trial Court for such further proceedings, if any, as may be required, consistent with this Opinion, and for collection of the costs below.  The costs on appeal are assessed against the Appellant.

_____
D. MICHAEL SWINEY, J.

**CONCUR:**

_____
HOUSTON M. GODDARD, P.J.

_____
CHARLES D. SUSANO, JR., J.