# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
December 10, 2013 Session

## DONNA F. THOMPSON v. LYNN WARD

**Direct Appeal from the Circuit Court for Crockett County**
**No. 3307      J. Weber McGraw, Judge, by designation**

---

**No. W2013-01051-COA-R3-CV - Filed January 9, 2014**

---

Homeowner appeals the trial court's order dismissing her complaint against the Deputy Circuit Court Clerk of Crockett County. The complaint alleged that the Deputy Clerk failed to properly issue a writ of possession regarding the homeowner's real property. The trial court dismissed the complaint pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Donna F. Thompson, Dyer, Tennessee, Pro Se.

Brandon O. Gibson, Jackson, Tennessee, for the appellee, Lynn Ward.

## MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## Background

On July 18, 2012, Plaintiff/Appellant Donna F. Thompson filed a *pro se* complaint in the Crockett County Chancery Court, alleging that Defendant/Appellee Lynn Ward ("Appellee") improperly issued a writ of possession regarding real property occupied by Ms. Thompson. It is undisputed that the Appellee is a duly-appointed Deputy Circuit Court Clerk of Crockett County. Specifically, Ms. Thompson alleged that:

> The Plaintiff Kirkland Strugis in case no. 320 written request is lacking with its signature[.] The Crockett County Circuit [C]ourt Clerk Kim Kail[’s] endorsement is lacking due to the [Appellee] signed its name along with her name, and the Description from the Sheriff department of how the eviction took place is lacking.

> \* \* \*

> On November 28, 2011, [the Appellee] illegally issued a writ to possession without the Crockett County Circuit Court Clerk[’s] endorsement, nor an order from the Crockett [C]ounty Circuit [C]ourt.

Ms. Thompson alleged that this action violated her due process rights, and amounted to abuse of process, invasion of privacy, trespass, slander, and damage to personal property. Appellant sought $500,000.00 in damages for property damage due to the allegedly unlawful eviction, including damage to her property during storage and the loss of some of Ms. Thompson’s documents regarding her "inventions and other projects." A copy of the allegedly illegal writ of possession was not attached to the complaint, nor is one included in the record on appeal.

According to the Appellee’s brief, Mr. Sturgis purchased the disputed property at a foreclosure sale. Mr. Sturgis then filed a detainer action in the Crockett County General Sessions Court against Ms. Thompson seeking possession of the property. Ms. Thompson defended the action on the basis that she was not given adequate notice of the foreclosure. However, the trial court ultimately ruled in favor of Mr. Sturgis and awarded him the property. Ms. Thompson’s appeal of that order was dismissed for failure to post a bond. This Court affirmed the dismissal of Ms. Thompson’s appeal. *See **Sturgis v. Thompson***, --- S.W.3d ----, 2011 WL 2416066 (Tenn. Ct. App. June 13, 2011) (perm. app. denied Sept. 21, 2011). The detainer action is not at issue in this case. Instead, Ms. Thompson asserts that the writ of possession allowing Mr. Sturgis to obtain the property was incorrectly completed based on the above allegations. Thus, Ms. Thompson filed this suit against the Appellee to recover damages for the allegedly improperly granted writ.

On October 23, 2012, this matter was transferred to the Crockett County Circuit Court.[2] Thereafter, Appellee filed a Rule 12.02(6) Motion to Dismiss the Complaint. On February 19, 2013, the Tennessee Supreme Court entered an order designating Judge Weber McGraw to preside over the case. On April 3, 2013, the trial court entered an order granting Appellee's Motion to Dismiss, finding that Ms. Thompson failed to state a claim for negligence and that the Appellee was immune from suit for all remaining claims. On April 25, 2013, Ms. Thompson filed a Motion to Recuse Judge McGraw "Due to Violation of [Ms. Thompson's] Rights." According to Appellee's brief, the basis of the motion was the fact that the bailiff failed to open court during a hearing. According to Ms. Thompson's brief: "The [Appellee's] Court proceeding is out of term which caused damages to [Ms. Thompson.] Court Procedures on April 27, 2012 w[ere] out of order due to the bailiff [being] absent for opening of court. The Judge disallowing [Ms. Thompson] to argue its case as pro se." The trial court denied Ms. Thompson's motion by order of April 30, 2013.

## Issue Presented

Ms. Thompson appeals, raising one issue, which is restated from her brief: Whether the trial court erred in granting Appellee's Motion to Dismiss?[3]

As a point of practice, we note that Ms. Thompson appeared *pro se* in the trial court and throughout these proceedings. However, it is well-settled that, "[w]hile a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, [*p*]*ro se* litigants are not . . . entitled to shift the burden of litigating their case to the courts." ***Chiozza v. Chiozza***, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009). Accordingly, "[*p*]*ro se* litigants must comply with the same substantive and procedural law to which represented parties must adhere." ***Id.***

---

[2] Because defendant in the case is a government employee, Ms. Thompson's claims are governed by the Tennessee Governmental Tort Liability Act ("TGTLA"). *See* Tenn. Code Ann. § 29-20-100, et. seq. According to the TGTLA, "the circuit courts shall have original jurisdiction over any action brought under this chapter . . . ." Tenn. Code Ann. § 29-20-307. Thus, this action was properly transferred from the Crockett County Chancery Court to the Crockett County Circuit Court.

[3] In an abundance of caution, it appears that the Appellee has also addressed the issue of the trial court's denial of Ms. Thompson's recusal motion on April 30, 2013. However, Ms. Thompson does not raise this issue in her Statement of the Issues Presented on Appeal, nor does she cite any law regarding recusal in her brief. It is well-settled that the failure to raise an issue in the Issues Presented section of the appellate brief constitutes a waiver of the issue on appeal. *See* Tenn. R. App. P. 13(b) (providing that appellate review will generally only extend to those issues presented for review); *see also* ***Newcomb v. Kohler Co.***, 222 S.W.3d 368, 401 (Tenn. Ct. App. 2006) (failure "to cite to any authority or to construct an argument regarding [a] position on appeal" constitutes a waiver of the issue).

## Standard of Review

This appeal concerns the trial court's decision to dismiss Ms. Thompson's complaint under Rule 12.02(6) of the Tennessee Rules of Civil Procedure. A Rule 12.02(6) motion to dismiss a complaint for failure to state a claim upon which relief can be granted tests the legal sufficiency of the complaint. ***Lanier v. Rains***, 229 S.W.3d 656, 660 (Tenn. 2007). It admits the truth of all relevant and material allegations, but asserts that such allegations do not constitute a cause of action as a matter of law. *See **Riggs v. Burson***, 941 S.W.2d 44, 47 (Tenn. 1997).

## Analysis

In order to determine whether the trial court correctly granted the Appellee's motion to dismiss, we must first determine what claims were fairly raised by Ms. Thompson's complaint. It appears that Ms. Thompson is arguing that the Appellee acted intentionally and negligently in signing the writ of possession without proper authority to do so, which action allegedly caused injury to Ms. Thompson. First, Ms. Thompson's complaint clearly raises alleged claims for "abuse of process, invasion of privacy, trespass[], and slander." The trial court dismissed these claims on the basis of sovereign immunity. In addition, the trial court concluded that the complaint may have raised a claim for negligence. The trial court dismissed the negligence claim for failure to state a claim upon which relief can be granted. We begin with the intentional tort claims.

## Intentional Torts

We first turn to consider whether the trial court erred in dismissing Ms. Thompson's claims that the Appellee committed various intentional torts. As previously discussed, Ms. Thompson's complaint specifically states that the alleged action of the Appellee amounts to "abuse of process, invasion of privacy, trespass[] and slander." The trial court found that the Appellee was immune from suit regarding these claims pursuant to the Tennessee Governmental Tort Liability Act ("TGTLA"). We agree.

"In 1973, the General Assembly enacted [the TGTLA] to codify the general common law rule that 'all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities.'" ***Limbaugh v. Coffee Med. Ctr.***, 59 S.W.3d 73, 79 (Tenn. 2001) (quoting Tenn. Code Ann. § 29-20-201(a)). Passage of the TGTLA constituted "an act of grace through which the legislature provided general immunity to governmental entities from tort liability but removed it in certain limited and specified instances." ***Kirby v. Macon Cnty.***, 892 S.W.2d 403, 406 (Tenn. 1994). Counties are expressly included in the list of protected "government entities." *See* Tenn. Code Ann. § 29-20-

102(3)(A) ("'Governmental entity' means any political subdivision of the state of Tennessee including, but not limited to, any municipality, metropolitan government, [or] county . . . .").

The TGTLA, however, removes immunity, in certain circumstances. Tennessee Code Annotated section 29-20-205 removes governmental immunity "for injury proximately caused by a negligent act or omission of any employee within the scope of his employment[.]" However, there is a list of exceptions to this exception; specifically, Tennessee Code Annotated section 29-20-205(2), often referred to as the "intentional tort exception," preserves governmental immunity for claims arising out of "false imprisonment pursuant to mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights[.]"

In this case, there is no allegation that the Appellee was acting outside the scope of her employment. Thus, by the plain language of Tennessee Code Annotated Section 29-20-205(2), the Appellee is immune from suit for claims arising out of "intentional trespass, abuse of process, . . . slander, . . . [and] invasion of right of privacy[.]" Because the Appellee is immune from suit for these claims pursuant to the TGTLA, the trial court did not err in dismissing the claims.

## Negligence

As previously discussed, however, the TGTLA does not remove immunity for claims of negligence against government employees acting within the scope of their employment. Thus, any fairly raised allegation of negligence is not barred by the TGTLA. Instead of finding Ms. Thompson's negligence claim barred by the doctrine of sovereign immunity, the trial court concluded that Ms. Thompson failed to state a claim upon which relief can be granted with regard to this claim.

Ms. Thompson argues, however, that the trial court applied an improper standard in granting the Appellee's motion to dismiss by failing to take the factual allegations in her complaint as true. Ms. Thompson correctly states the law regarding the proper standard for granting a Rule 12.02(6) motion to dismiss. As recently discussed by this Court:

> When considering a motion to dismiss for failure to state a claim upon which relief can be granted, we are limited to an examination of the complaint alone. *See Wolcotts Fin. Serv., Inc. v. McReynolds*, 807 S.W.2d 708, 710 (Tenn. Ct. App. 1990). The basis for the motion is that the allegations in the complaint, when considered alone and taken as true, are

insufficient to state a claim as a matter of law. *See Cornpropst v. Sloan*, 528 S.W.2d 188 (Tenn. 1975). Although allegations of pure legal conclusion will not sustain a complaint, *see Ruth v. Ruth*, 213 Tenn. 82, 372 S.W.2d 285, 287 (1963), a complaint "need not contain in minute detail the facts that give rise to the claim," so long as the complaint does "contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Donaldson v. Donaldson*, 557 S.W.2d 60, 61 (Tenn. 1977); *White v. Revco Discount Drug Centers*, 33 S.W.3d 713, 718, 725 (Tenn. 2000); *accord*, *Givens v. Mullikin ex rel McElwaney*, 75 S.W.3d 383, 391, 399, 403-404 (Tenn. 2002). In short, a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss seeks only to determine whether the pleadings state a claim upon which relief can be granted, and such a motion challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof. *Bell ex rel. Snyder v. Icard*, 986 S.W.2d 550, 554 (Tenn.1999). In considering such a motion, the court should construe the complaint liberally in favor of the plaintiff, taking all the allegations of fact therein as true. *See Cook ex. rel. Uithoven v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn.1994). However, we are not required to accept as true factual inferences or conclusions of law. *Riggs v. Burson*, 941 S.W.2d 44, 47–48 (Tenn.1997). An appellate court should uphold the grant of a motion to dismiss only when it appears that the plaintiff can prove no set of facts in support of a claim that will entitle him or her to relief. *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003).

We further note that Tennessee Rule of Civil Procedure 12.02(6) motions are not designed to correct inartfully drafted pleadings. *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992). However, a complaint should not be dismissed, no matter how inartfully drafted, if it states a cause of action. *Id.* (citing *Paschall's, Inc. v. Dozier*, 219 Tenn. 45, 407 S.W.2d 150, 152 (Tenn.1966); *Collier v. Slayden Bros. Ltd. Partnership*, 712 S.W.2d 106, 108 (Tenn. Ct. App.1985)). Nevertheless, while we should not endeavor to create claims where none exist, we must always look to the substance of the pleading rather than to its form. *Dobbs*, 846 S.W.2d at 273 (citing *Donaldson v. Donaldson*, 557 S.W.2d 60, 62

(Tenn.1977); *Usrey v. Lewis*, 553 S.W.2d 612, 614 (Tenn. Ct. App. 1977)).

*PNC Multifamily Capital Institutional Fund XXVI Ltd. P'rship v. Bluff City Cmty Dev. Corp.*, 387 S.W.3d 525, 537–38 (Tenn. Ct. App. 2012). Thus, the trial court may only grant a Rule 12.02(6) motion to dismiss when, taking the factual allegations in the complaint as true, the complaint fails to state sufficient facts upon which relief can be granted.

Despite this stringent standard, the Appellee argues that the trial court did not err in granting the Rule 12.02(6) motion to dismiss. Indeed, the Appellee argues that even taking all the factual allegations in the complaint as true, Ms. Thompson fails to state sufficient facts to support the *prima facie* elements of a claim for negligence. The necessary elements of a negligence action are:

> (1) duty of care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; (5) proximate, or legal cause.

*Satterfeild v. Breeding Insulation Co.*, 266 S.W.3d 347, 355 (Tenn. 2008). Specifically, the Appellee argues that Ms. Thompson has failed to state facts to show either a breach of the duty of care, or that any alleged breach was either the cause in fact or proximate cause of Ms. Thompson's alleged injuries.

Ms. Thompson cites no law in her brief to support her argument that the Appellee's action in this case constitutes negligence, that the Appellee breached a duty owed to Ms. Thompson, or that any alleged negligence on the part of the Appellee caused an injury to Ms. Thompson. First, we note that "[i]t is the duty of the clerk of each of the courts to: . . . [s]ign all summons, writs, subpoenas, executions and process issued from the clerk's court, and endorse on the back thereof the date of issuance." Tenn. Code Ann. § 18-1-105(a)(1). Thus, the Crockett County Clerk was required by law to sign the writ in this case. The law further provides, however, that "[t]he clerks of the several courts have authority to: . . . [a]ppoint deputies with full power to transact all the business of the clerk, such deputy first taking an oath to support the constitution and laws of this state, and faithfully to discharge the duties of deputy clerk of the court for which the deputy acts." Tenn. Code Ann. § 18-1-108(a)(4). "The power to appoint a deputy necessarily involves the idea that he shall act in the place of, and for the regular Clerk, and exercise the same powers; the acts of the deputy being the acts of the principal Clerk, by his lawfully appointed agent." *Martin v. Porter*, 51 Tenn. 407, 413 (Tenn. 1871); *see also* Tenn. Op. Atty. Gen. No. 85-243, at *2 (opining that deputy clerks may perform marriage ceremonies because deputy clerks "are vested with all the powers and

authorities of principal clerks").

Here, from our reading of the rather confusing facts outlined in the complaint, the Appellee signed her own name along with the name of the Clerk of the Circuit Court in issuing the writ. Ms. Thompson asserts that this was improper. We respectfully disagree. First, as previously discussed, a deputy clerk is vested with the same authority to perform official functions as the principal clerk. *See **Martin***, 51 Tenn. at 413. Thus, the Appellee had the authority to sign and issue the writ. In addition, the Tennessee Supreme Court has previously held that a deputy clerk may sign his or her own name or the name of the principal clerk in exercising his or her statutory power. *See **Wilkerson v. Dennison***, 5 Cates 237, 80 S.W. 765, 766 (Tenn. 1904) ("We are of the opinion that deputy clerks of the county courts of this state are authorized to take and certify the acknowledgment of deeds in both the names of their principals and themselves as deputies."). The writ in this case, consequently, does not fail for having both the name of the principal and the deputy clerk.

Accordingly, even taking the allegations in Ms. Thompson's complaint as true, there is nothing in the complaint to suggest that the Appellee breached a duty to Ms. Thompson or that any alleged breach on the part of the Appellee caused an injury to Ms. Thompson. Thus, the trial court did not err in dismissing Ms. Thompson's negligence claim.

### Conclusion

The judgment of the Circuit Court of Crockett County is affirmed. This cause is remanded to the trial court for all further proceedings as are necessary and are consistent with this Opinion. Costs of this appeal are assessed to Appellant Donna F. Thompson. Because it appears that Ms. Thompson is proceeding *in forma pauperis* in this appeal, execution may issue for costs if necessary.

_____
J. STEVEN STAFFORD, JUDGE